JOHN ROBINSON, RESPONDENT, *v.* OREGON SHORT LINE AND UTAH NORTHERN RAILWAY COMPANY, APPELLANT.

NEGLIGENCE.—LEAVING CAR ON TRACK.—PERSONAL INJURY.—In an action by father for death of his child, where it appeared that section men of· a railway had left a hand-car by the side of the railway track, of such weight that it would require four or five men to lift it on the track, and at the distance of a mile from the thickly settled portions of the city, and in swampy ground, and the deceased was attracted by the fact that some boys had placed the hand-car on the track and were riding up and down the track upon it, and he got on the car to ride and came to his death by jumping or falling from it while it was running at a high rate of speed; *held,* that there was no negligence on the company's part shown by the evidence, even though the "boss" when the men were present had given the boys permission to ride on the car at other times.

APPEAL from a judgment·of the district court of the third district and from an order refusing a new trial.

The ruling in the lower court against a non-suit was placed upon the ground that there was evidence to show that the car had been left unfastened upon the track, and if so, it was negligence to leave the car in such a position. The opinion does not notice this aspect of the testimony. Other facts are found in the opinion.

*Messrs. Williams and Van Cott,* for the appellant.

*Messrs. Sutherland and Judd,* for the respondent.

ANDERSON, J.:

This action is brought by the plaintiff to recover damages for the death of his son, aged between eleven

and twelve years,. alleged to have been caused by the negligence of the defendant. There was a verdict and judgment in favor of the plaintiff for $4,000, and the defendant brings this appeal from the judgment, and from the order of the court overruling a motion for a new trial.

The complaint alleged that on October 11, 1890, the defendant left a hand-car upon one of the tracks of its road within the limits of Salt Lake City, and permitted it to remain there until the evening of October 12, without being in any way guarded or locked, and that on the last named date plaintiff's son was attracted to the hand-car, and got on the same with other boys, and while riding down a grade lost his balance, and fell from the car and was killed. The answer of the defendant denied each and every allegation of the complaint.

The evidence showed that the defendant was constructing yards and side tracks near the north limits of Salt Lake City. That on Saturday, October 11, 1890, there was a set of hands at work there, and that about noon of that day they quit work, and started back to the city on a hand-car; that on account of snow having fallen on the rails, and an ascending grade, they were unable to propel the car; that they set the car off the track, left it unlocked, and came back to the city on foot; that the car weighed between six and seven hundred pounds and required four men to lift it from the track; that at the point where they put the hand-car off the track the track is four or five feet above the level of the ground, and they placed it so that the edge of the car would be about six feet from the rail; that the place where they left the car is about a mile from the thickly settled portions of the city, and that there are no houses nearer than a quarter of a mile, and that the ground is swampy and wet, and is not used nor suitable for a play ground for children; that either that afternoon or on Sunday

morning some boys placed the car back on the track. On Sunday forenoon a number of boys were playing with the hand-car by running around on the side tracks or switches, and about three o'clock in the afternoon they were joined by plaintiff's son and other boys, when they pushed the car up an ascending grade, and all got on, and started down the grade, and when a high rate of speed had been attained the son of plaintiff either jumped or fell off in front of the car, and was run over and killed.

Some of the plaintiff's witnesses who were on the car at the time of the accident testified that the deceased jumped off, while others say they thought he lost his balance, and fell off. The ages of the boys, as far as it appears in the evidence, ranged from eleven to fifteen years. In the opinion of the witnesses the car was running at the time of the accident at the rate of twenty-five miles an hour, and the distance within which they stopped it, according to the testimony, was from ten to seventy-five feet from where the accident happened. James Morris, a witness for plaintiff, testified that he was fifteen years old; that he was one of the boys on the car when Robinson was killed; that after the accident they took the car off the track, and left it where the other boys told him they got it. He further testified that he, with other boys, had used the car before, with the permission of the "boss," eight or ten times, when the men were there working; but the "boss" never gave them permission to take the cars and ride on them when the men were not there.

The defendant contends that no negligence on its part was shown, and that the evidence is not sufficient to support the verdict. A hand-car, weighing six or seven hundred pounds, standing on the ground a quarter of a mile outside the settled limits of the city, is not of itself dangerous; and boys of sufficient age and strength to

lift it up an embankment four or five feet high and place it upon the track are old enough to fully understand and appreciate whatever danger there is in running upon the track. The deceased and the other boys had no right to be upon the defendant's track meddling with its property. They were technically trespassers, and the defendant owed them no duty as in the case of passengers or employés. If the boys who took this car and placed it on the track had found a common wagon standing beside the road and had hauled it to the top of a hill, removed or raised the tongue, and all gotten in and let it run down the hill at such a reckless rate of speed as to cause one of their number to become so alarmed as to jump or fall out and get killed; or if they had gone on a neighbor's premises without permission, and while there had taken a sled belonging to him, and engaged in the amusement called "coasting," and while so engaged one of them had fallen off and been run over and killed,— it would scarcely be contended that the owner of the wagon or sled would be liable in damages for the injury; and yet in principle those cases would differ but little, if any, from the one under consideration.

The case of *Railway Co.* v. *Stout*, 17 Wall. 657, cited by plaintiff, was a case where a turn-table was left unfastened, and a small child was injured while it was being turned around. The court charged the jury in that case that, "if the turn-table in question, in its construction and the manner in which it was left, was not dangerous in its nature, the defendants were not liable for negligence;" and this instruction was approved by the Supreme Court of the United States. A machine, to be dangerous in and of itself, must be of such a character that it can only be handled with safety by persons of mature years and experience. But we think a common hand-car, standing on the ground beside a railroad track,

is not a thing dangerous in and of itself, which the railroad company is required to guard or lock. *Railroad Co.* v. *McLaughlin,* 47 Ill. 265; *Railroad Co.* v. *Stumps,* 69 Ill. 414. We think that to leave the hand-car where it was left in this case, under the circumstances, was not negligence, and that the verdict is unsupported by the evidence. The cause is reversed and remanded, and a new trial ordered.

BLACKBURN, J., and MINER, J., concurred.