JOHN BEAVER v. THE ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY.

No. 8168.

1. ACTION FOR INJURIES — *Contributory Negligence — Province of Jury.* In an action to recover for personal injuries, where the defense is contributory negligence on the part of the plaintiff, the court cannot take the case from the jury, and determine as a matter of law that the plaintiff was negligent, where the standard of care required of him was a subject upon which different opinions might be entertained, and where the facts shown and inferences to be drawn from them were such that reasonable minds might differ with respect to whether he had acted as a reasonably prudent man should have done under the circumstances.

2. EVIDENCE — *Jury.* The testimony examined, and *held* to be sufficient to take the case to the jury.

*Error from Neosho District Court.*

ACTION by John Beaver against The Atchison, Topeka & Santa Fe Railroad Company to recover dam-

ages for bodily injuries.  Judgment for defendant. The plaintiff brings the case here.  The opinion, filed March 7, 1896, states the facts.

*Kimball & Osgood*, for plaintiff in error.

*A. A. Hurd, W. Littlefield*, and *O. J. Wood*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J. : John Beaver was employed by the Atchison, Topeka & Santa Fe Railroad Company, at its yards in Chanute, Kan., as a car inspector and repairer.   These yards consisted of two main tracks, as well as a number of side-tracks, which were used for switching, making-up and inspecting trains.   For some time prior to September 16, 1889, the railroad company had been unloading cinders in the yards for the purpose of raising and ballasting the tracks.   The cinders were unloaded between the tracks, after which they were used for the purpose of raising and improving the road-bed and railroad yards.   It is alleged that on the night of September 16, 1889, the company unloaded a large quantity of cinders between two of the tracks, and left them heaped up in an insecure condition in the passageway over which the plaintiff was required to go in the performance of his duty as an inspector, and that, while passing over this pile of cinders in the performance of his duty, by reason of the unsafe and insecure footing caused thereby, he lost his balance and fell toward an adjoining track and was struck by a passing engine, breaking his leg and otherwise bruising and injuring his body ;  and for the injury sustained he asks damages in the sum of $10,-000.   The railroad company insisted that Beaver was guilty of negligence, and therefore responsible for the

consequences.   The case was tried with a jury, and after the plaintiff had introduced his evidence a demurrer to the same was interposed by the railroad company, and sustained by the court.

It is insisted that it was not within the province of the court to determine the question of contributory negligence as one of law, and that its ruling upon the demurrer was erroneous.

" In case of a demurrer to plaintiff's evidence, the court cannot weigh conflicting testimony, but must view that which is given in the light most favorable to the plaintiff, and allow all reasonable inferences in his favor ; and, unless all that is offered fails to establish his case or some material fact in issue in the case, the demurrer should be overruled." (*Rogers v. Hodgson*, 46 Kan. 276.)   See, also, *K. C. Ft. S. & G. Rld. Co. v. Foster*, 39 Kan. 329 ;   *K. C. Ft. S. & G. Rld. Co. v. Cravens*, 43 id. 650.

If beyond dispute or cavil it appears that the accident was the result of Beaver's own negligence, then there was nothing for the jury to decide.   On the other hand, if the standard of care required of him was a subject upon which different opinions might be entertained, and the facts shown and inferences to be drawn from them were such that reasonable minds might differ with respect to whether he had acted as a reasonably prudent man should have done under the circumstances, the case should have gone to the jury.

The action of the railroad company in leaving long, sloping piles of cinders between tracks where the inspectors were required to pass over them in the performance of their duties may be negligence.   But it is insisted that, whether the railroad company was guilty of negligence or not, Beaver cannot recover, because he had knowledge of the location and condition of the cinders, and must necessarily have assumed

the dangers incident thereto.   On the evening before the injury, the company unloaded the cinders between two tracks, which were about eight feet apart, ridging them up about 18 to 20 inches high, and so that they sloped off toward the rails.   Shortly after dark on the same evening, it became the duty of Beaver to inspect a freight-train which was placed on one of these tracks.   After inspecting a part of the train he came upon the cinders, and walked over them for about two car lengths, when an engine approached on the adjoining track.   As it came up, he stopped work, straightened up, and endeavored to stand in the space between the engine and cars which he was inspecting; but the cinders, being loose and soft, gave way under his feet, and threw him toward the passing engine, by which he was struck and injured.   In walking over the cinders for a distance of about two car lengths, he necessarily knew of their presence and something of the insecurity of the footing which they afforded; but how could the court fix the standard of care which he should have exercised?   It was his duty to inspect the cars at the points where they were placed for inspection, and to do so with promptness and dispatch. The pile of cinders was deeper than those which he had previously seen in the yards; and it is stated that, where cinders were to be left in piles over night, they were leveled down by the company so as to make it safer for yardmen to pass between the tracks.   As a reasonably prudent man, then, what should he have done when the engine approached him?   With ordinary footing, there was ample space for him to stand safely between the passing engine and the car he was inspecting.   He testified that he knew the cinders rendered the footing somewhat insecure, but he did not apprehend danger in assuming

the position which he did while the engine was passing. He said that if he had apprehended danger he could have gone back to the end of the pile of cinders or stepped between two of the cars he was inspecting, but that this was not customary nor deemed by him to be necessary. He adopted the course usually taken by the inspectors when an engine was passing on an adjoining track, and but for the unfortunate slipping of his feet as he straightened up, the position taken would have been secure. He was required to exercise ordinary prudence; and was it apparent to an ordinarily prudent man that he could not safely stand upon the cinders in a space of about four feet while the engine was passing? Some might say that he should have realized the danger and gone to the end of the pile of cinders; others, that he should have stepped between the cars he was inspecting; while others might think that, having seen the engine approaching in good time, and knowing the insecurity of the place, he should have made an earlier start for some place of safety. It appears that reasonable minds might draw different inferences and reach different conclusions with respect to the dangers of the situation and the proper course which Beaver should have taken; but, before the case could be taken from the jury on the ground of contributory negligence, it should be established beyond cavil or dispute, leaving no room for differences of opinion upon the question.

Our view is that the case should have been submitted to the jury, and therefore the judgment will be reversed, and the cause remanded for another trial.

All the Justices concurring.