THE ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY v. M. FRANK SLATTERY.

No. 9070.

1. NEGLIGENCE — *not, to leave push-car blocked ordinary way safe distance from tracks.* An ordinary push-car was carried by the employes of a railroad company a safe distance from the track, and there blocked in the ordinary way to prevent it from drifting toward the track. Afterward six or eight boys, not connected with the railroad company, took it from the position in which it was left and attempted to put it upon the track, but before doing so they were interrupted and ran away, leaving it dangerously close to the track. Shortly afterward a switch-engine, upon which a yard-clerk was riding, came along and collided with the push-car and injured the yard-clerk. In an action to recover for the injury, it is *held* that the company was not negligent in leaving the push-car as it did and without other locks or guards.

2. ———— *for engineer and switchman on switch-engine not to keep lookout for obstructions.* Upon the evidence in the case it is *held* that there is testimony tending to show that those in charge of the switch-engine failed to exercise due care in keeping a lookout along the track for obstructions, and in controlling the engine so as to prevent the collision and injury.

3. ———— *employe not guilty of contributory, in disregarding rule long habitually disregarded with approval of managing officers.* Ordinarily, the wilful disobedience of a rule which is operative should be held as negligence on the part of an employe of a railroad company, but where the rule is habitually disregarded and a different practice has long been followed by the employes with the knowledge and approval of the managing officers of the company, the rule must be regarded as inoperative.

Railroad Co. v. Slattery.

*Error from Sedgwick District Court.*
*Hon. C. Reed, Judge.*

AFFIRMED.                    OPINION FILED DECEMBER 5, 1896.

*A. A. Hurd, O. J. Wood,* and *W. Littlefield,* for plaintiff in error.

*J. D. Houston,* and *J. F. Craig,* for defendant in error.

JOHNSTON, J.   This action was brought by M. Frank Slattery against the Railroad Company to recover for personal injuries sustained by him in a collision between a switch-engine upon which he was riding, and a push-car, in the yards of the Railroad Company at Wichita.   He was employed by the Company as a yard-clerk, and his duties consisted mostly of ascertaining the numbers of freight-cars upon their arrival in the yards, making a list of them and marking their points of destination.   He received a list of the cars in each train from the conductors of the trains as they arrived, and from such list personally examined the cars mentioned therein; and for such purpose he was obliged to visit all parts of the yards, which were about two miles in length.   On account of the length of the yards he frequently rode on the switch-engine from one part of the yards to another.   On April 5, 1891, he had occasion to go to the southern part of the yards for the purpose of ascertaining the numbers of the cars and marking the same.   He boarded the switch-engine, which was backing south, pushing three or four cars.   There was a foot-board around the tank of the switch-engine, and he took a position on it on the east side of the tank and near the rear end. The engine then proceeded southward, stopping to place some of the cars on different tracks; and when

going at about the rate of 10 miles an hour it came in
contact with a push-car, which was upon the side of the
track, and a portion of which projected over so far that
it caught Slattery's foot and injured it so that ampu-
tation of a portion of it was necessary.    The push-car
had been left in the yards two days before, and carried
a safe distance from the track, where it was blocked so
that it could not run onto the track.    On the day of
the accident and about 15 minutes before it occurred 6
or 8 boys, ranging from 9 to 13 years of age, who were
in no way connected with the Railroad Company, took
the car from its position and attempted to put it upon
the track ; but, being discovered, left it close to the
track and ran away.    It was an ordinary push-car,
without propelling force, with two handles at each
end extending out therefrom so that it could be put
on and off the track.    The engineer saw the push-car
a short time before the engine collided with it, but
states that he did not observe that it was so close to
the track as to be dangerous.    At the same time a
switchman named Wagner, one of whose duties it was
to keep a lookout for obstructions on the track, was
standing near the end of the tender.    The engineer
testified that Slattery and Wagner were between him
and the push-car and to some extent obstructed his
view.    The jury found that the Company was guilty
of culpable negligence :  ''First, leaving push-car un-
locked ; second, negligence on the part of the engineer
in not stopping engine after observing push-car ; third,
negligence on the part of Mark Wagner in failing to
see the push-car in the performance of his duties.''
The jury returned a verdict in favor of Slattery for
$3,000 ; and from the special findings it appears that
$250 was allowed for the pain suffered, and $2,750 was
allowed for permanent injuries.

In our view the first ground of negligence is not sustained. The push-car was not in itself a dangerous thing. It was placed at a safe distance from the track and was fastened and blocked in the usual way that such cars are secured. It was a cumbrous, heavy thing, weighing from 500 to 1,000 pounds, not easily moved ; and, not having any pro-

1. Not negligence to leave push-car blocked, etc.

pelling appliances, children would not naturally be attracted by it any more than they would by a mowing machine, a road-wagon or other wheeled implement that a farmer would leave near the roadside without thought of risk or liability. It has never been regarded as necessary to house or lock them up, and the Railroad Company had exercised that degree of care respecting this one that is ordinarily exercised in caring for such cars when not in use. The Company cannot be held responsible for the unlawful acts of third parties in placing obstructions upon its track without its knowledge or consent, unless it should be where its negligence had in some way induced the placing of obstructions upon the track. In the nature of things the Company had no reason to anticipate that the push-car would be moved by third parties upon or dangerously close to the track, and in the absence of other negligence it would not be liable for injuries resulting from such removal. *Robinson v. Railway Co.,* 7 Utah, 493.

It cannot be said, however, that the Company was free from negligence in failing to stop the engine before the collision occurred. It was the duty

2. Duty of engineer and switchman.

of the engineer, as well as the switchman, who was riding near the end of the tender, to keep a lookout for obstructions upon the track. Whether the engineer and the switchman in the dis-

charge of their duties should have observed the obstruction in time to have stopped the engine and avoided the injury, was a matter for the determination of the jury. The engineer testified that he saw the push-car before they reached it, and that he could have stopped the engine in time to have prevented the injury if he had known that it was dangerously close. He admits that he saw it when 40 or 50 feet away, and that he could have stopped is shown by his statement that he only ran 30 feet after striking the push-car. As an excuse for not observing the dangerous proximity of the push-car, he states that his view was obstructed to some extent by the plaintiff and Wagner, who were standing on the foot-board of the tender, in front of him. It appears, however, that the engineer from his higher position did see the push-car, and it cannot be said as a matter of law that he should not have observed that it was too close to the track to permit the engine to pass. Wagner, who occupied a front position on the hind end of the tender as it advanced, was in a position to see the obstruction, and it was his duty to keep a lookout for the same. He gave no signal to the engineer, and probably failed to observe the danger until the collision occurred. Other duties devolved on him which may have engaged his attention at the moment, but whether he was in the exercise of reasonable care in keeping an outlook was a question for the jury. The obstruction, however, was actually seen by the engineer in ample time to have stopped the engine with the appliances at hand. Could he by ordinary care have seen and appreciated the danger, and could he by due attention and prompt action have avoided the injury? Men of reasonable minds might draw different inferences from the testimony, so that ac-

cording to the conclusion of fact reached by one there would be culpable negligence, while that reached by another would be that reasonable care had been exercised. In such a case the question of fact is for the jury. *Beaver v. A. T. & S. F. Rld. Co.*, 56 Kan. 514. It is contended that from the position Slattery occupied there was nothing to prevent him from seeing that the push-car was close to the track, and that as he was familiar with the signals used in the yards it was his duty to signal the engineer in time to avoid the collision and injury. It appears, however, that his duties required him to be on the lookout for cars as he passed down the yards; and he states that he was engaged in looking for cars all the time while he was on the engine, that he had no opportunity to look ahead, and that he did not know anything of the push-car until they came in contact with it. If his duties required him to look in another direction, and he was so engaged at the time, it cannot be said that he was negligent in not observing the car.

It is further contended that Slattery assumed an obviously dangerous position on the foot-board of the switch-engine, and that he was riding there in violation of one of the rules of the Company. The rule is: " No person will be permitted to ride on an engine excepting the engine man, fireman, and other designated employees in the discharge of their duty, without a written order from the proper author-

3. Employee not negligent in disregarding rule managers disregard.

ity." While he appears to have had no written authority to ride, he doubtless was warranted in doing so by the well established custom of the yards and by the sanction and approval of those in charge of them; in fact, in the present instance, he was directed by the foreman to step upon the engine and ride down to the end of the

yards for the purpose of finding and marking certain cars.   For several years he had ridden back and forth upon the engine, and the yardmaster, his superior officer, had directed him to go upon the engin whenever it would take him to his work faster than he could get there by walking.   He had ridden on the engine in the presence of the superintendent and apparently with his sanction and approval.   Ordinarily, the wilful disobedience of a rule should be held to constitute negligence ; but where the rule is habitually disregarded, and a different course has long been pursued by employees with the knowledge and approval of the managing officers of the company, the rule must be regarded as inoperative. *K. C. Ft. S. & G. Rld. Co. v. Kier*, 41 Kan. 662 ; *U. P. Rly. Co. v. Springsteen*, 41 id. 724.   We cannot hold as a matter of law from the testimony that Slattery was guilty of contributory negligence.

The charge of the Court fairly presented the case to the jury, and none of the questions upon the instructions or findings of the jury seem to require special attention.

The judgment of the District Court will be affirmed.

All the Justices concurring.