F. M. DAVIS v. THE CITY OF HOLTON.

No. 10845.

CONTRIBUTORY NEGLIGENCE—*question of, for jury notwithstanding contradictions as to, in plaintiff's personal testimony.* Where the plaintiff in an action to recover for personal injuries is a witness in his own behalf, and his statements as to whether he was in the exercise of due care when the injury was suffered were somewhat contradictory, the matter of contributory negligence is a question for the jury; and in such case a ruling of the court at the close of plaintiff's testimony and before he had rested, directing a verdict for defendant, is erroneous.

Error from Jackson District Court. Louis A. Myers, Judge. Opinion filed November 5, 1898. *Reversed.*

*Keeler, Welch & Hite* and *Hopkins & Hopkins,* for plaintiff in error.

*C. F. Hurrel,* for defendant in error.

JOHNSTON, J. F. M. Davis brought an action against the City of Holton to recover for injuries alleged to have been sustained by reason of a defective sidewalk on one of the public streets of the City. At the trial, plaintiff was the first and only witness, and testified that while walking down town about the middle of the day he was tripped by a loose board of the walk, caused to fall and suffer severe injuries. He further stated that he had passed over the street from two to six times every day for considerable time, and was familiar with the street and the condition of the walk; that about two weeks before the accident he observed that the street was out of repair, and gave notice to the street commissioner, who informed him that he would repair the walk, and later told him that it had been repaired. He also stated that he had frequently noticed that there were loose boards upon that walk,

and knew that it was not safe, and that upon the day he passed over it he had a general feeling that it was not a safe walk. He, however, stated that he was sixty-three years old, somewhat stiffened with rheumatism, and is careful when he walks; that he passed over the walk at an ordinary speed, but did so with special care. Some of his answers were somewhat confused and conflicting with reference to his knowledge of the condition of the walk and the care exercised by him on that occasion.

When he had concluded his testimony the defendant asked the court to instruct the jury to return a verdict for the City, for the reason that the plaintiff knew of the defects at and before the time of the accident and did not exercise proper care to prevent the accident. This motion the court sustained, and directed a verdict in favor of the defendant.

The ruling cannot be sustained. The testimony does not clearly and conclusively show contributory negligence, as it must to warrant an absolute direction of a verdict for the defendant. It is true that some of he answers of the witness as to the care exercised appear to be somewhat contradictory; but the plaintiff had not rested or submitted his case. Even if his evidence is weak and inconclusive, he might have supplemented and strengthened it by other evidence if he had had an opportunity to offer the same; but as soon as he left the witness stand the court arbitrarily closed the case by directing the verdict. His testimony on direct examination was to the effect that he knew the walk had been out of repair, but had been informed that it was repaired, and that he was exercising care at the time of the injury. He may have felt, as he stated, that even with repair it was still an old and unsafe walk, but it does not appear that he could have reached his destination by another or safer route.

Knowledge of a defect in a street on which injury occurs is not always a bar to a recovery. It was held, in *City of Emporia v. Schmidling* (33 Kan. 485, 6 Pac. 893), that even a knowledge that it was somewhat defective would not debar one from the use of the street, nor would such use with notice that it was unsafe or out of repair necessarily constitute contributory negligence. See, also, *Langan v. City of Atchison*, 35 Kan. 326, 11 Pac. 38 ; *City of Horton v. Trompeter*, 53 Kan. 150, 35 Pac. 1106.

Granting that there was a contradiction in the answers of the plaintiff, it was for the jury to determine which answers were to be believed, and whether the plaintiff in passing over the dangerous walk, knowing its condition, exercised due care. In directing a verdict the court invaded the province of the jury, and therefore the judgment will be reversed and the cause remanded for a new trial.