E. E. CUMMINGS v. THE WICHITA RAILROAD AND
LIGHT COMPANY.

No. 13,357.    (74 Pac. 1104.)

SYLLABUS BY THE COURT.

CONTRIBUTORY NEGLIGENCE—*Question for Jury.* Generally in an action to recover damages for personal injuries where the defense is the contributory negligence of the plaintiff, the question is one of fact and not of law, and it is error for the court to render judgment for the defendant upon the petition and opening statement of the case by counsel for plaintiff, unless the facts admitted are such that reasonable minds could not differ as to the negligent conduct of plaintiff.

Error from Sedgwick district court; D. M. DALE, judge. Opinion filed January 9, 1904. Reversed.

J. V. Daugherty, and Thomas B. Wall, for plaintiff in error.

Kos Harris, and V. Harris, for defendant in error.

The opinion of the court was delivered by

GREENE, J. : This was an action to recover damages for personal injuries alleged to have been sustained through the negligent construction and operation of a street-railway system by the defendant in the city of Wichita. It appears from the petition and opening statement of counsel for plaintiff in error that the defendant came into possession of the property of the Wichita Electric-light Company, which had theretofore owned and operated a system of street-railway in said city. It had laid a double track in the center of North Main street in said city with its trolley-poles between the tracks. When the property came into the possession of the defendant it replaced the old cars with new ones, which were a foot wider, but did not relay the tracks or increase the distance between them.

There was a space of only ten or twelve inches between the poles and the sides of the cars.

On the night of September 25, 1901, the defendant was running its summer cars on its double track on North Main street.   These cars were so constructed that the seats were across the car, with posts on both sides at the end of the seats, and an aisle in the center.   The seats at the ends of the cars were not reversible and this car was entered from the sides upon a running-board.   About ten o'clock on the evening in question the plaintiff took passage on one of these open cars on North Main street, going south.   He sat on the front seat, with his back to the front of the car, and on the side next the trolley poles, or on the left side going south.   He did not know the distance the poles were from the cars.   While thus riding one of the passengers two seats in front of him addressed him.   The sound of her voice being obstructed by the passengers in the seats between them, he involuntarily and momentarily, without rising, leaned his head out of the car that he might hear her, and as he did so his head came in contact with one of the company's trolley-poles, which resulted in the injuries which are the basis of this action.   The defendant pleaded a general denial and contributory negligence, to which the plaintiff replied by general denial.

After the opening statement of counsel for plaintiff, the defendant moved the court for judgment upon the pleadings and statement.   The motion was sustained and such judgment entered.   It appears that the motion was sustained upon the ground that the petition and opening statement showed that the plaintiff was guilty of such contributory negligence as would bar a recovery.

The only question is, Was the act of plaintiff in

thus putting his head outside the car such contributory negligence, as a matter of law, as would bar a recovery? It is the well-settled law of this state that if the ordinary negligence of plaintiff directly or proximately contributed to his injury he cannot recover damages occasioned by the negligence of the defendant, unless the injury was wantonly or intentionally caused by defendant. (*Tennis v. Rapid Transit Rly. Co.*, 45 Kan. 503, 25 Pac. 876; *U. P. Rly. Co. v. Adams*, 33 id. 427, 6 Pac. 529; *Gibson v. City of Wyandotte*, 20 id. 156; *Williams v. A. T. & S. F. Rld. Co.*, 22 id. 117; *Artman v. K. C. Rly. Co.*, 22 id. 296.)

The question whether a passenger who puts his arm out of a street-car window is guilty of imputable negligence ordinarily presents a question of fact for the jury. (*Dahlberg v. Minneapolis Street Ry. Co.*, 32 Minn. 404, 21 N. W. 545, 50 Am. Rep. 585; *Tucker v. Buffalo R. Co.*, 53 Hun, App. Div. 571, 65 N. Y. Supp. 989; *Francis v. New York Steam Co.*, 114 N. Y. 380, 21 N. E. 988; *Germantown Passenger R. R. Co. v. Brophy*, 105 Pa. St. 38; *Summers v. Crescent City Railroad Company*, 34 La. Ann. 139, 44 Am. Rep. 419.)

Was the involuntary act of plaintiff in leaning his head outside a summer car, not knowing that the trolley-poles were so close to the side of the car, as a matter of law, such negligence? Ordinary negligence is the omission to exercise ordinary care—that degree of care generally exercised by an ordinarily prudent person under like circumstances. In determining whether a plaintiff in an action for personal injuries has been guilty of such negligence as directly and proximately contributed to his injury, reference must necessarily be had to the particular transaction out of which the injury arose; the instrumentality causing it and its use; the means and purpose of its opera-

Cummings v. Railroad Co.

tion; the relation and duty of the parties one to the other and the knowledge possessed by the injured party. If from all these facts reasonable minds might. draw different inferences and reach different conclusions with respect to the danger of the situation and the proper course which the injured party should have taken, the question of negligence is one of fact for the jury and not one of law for the court.

In *Beaver v. A. T. & S. F. Rld. Co.*, 56 Kan. 514, 518, 43 Pac. 1136, 1137, it was said:

"Before the case could be taken from the jury on the ground of contributory negligence, it should be established beyond cavil or dispute, leaving no room for differences of opinion upon the question." (*Davis v. City of Holton*, 59 Kan. 707, 54 Pac. 1050; *Railroad Co. v. Powers*, 58 id. 544, 50 Pac. 452.)

In the present case the plaintiff was riding in what is commonly called a summer street-car, open from top to bottom on the sides, from which people entered and departed by stepping on what is called a running-board, which extends along and outside the car from one end to the other. While thus riding, and in response to a question by a fellow passenger, not knowing the proximity of the pole to the car, in order that he might hear he put his head out ten inches beyond the side of the car, when it came in contact with the pole. There were no screens on either side of the car upon which plaintiff was riding, and it was so constructed that passengers were invited to enter and depart from either side. In view of this, might not plaintiff have assumed that the company maintained no dangerous obstructions so close to the side of the car that passengers might not enter or depart, as invited by the company, without danger of injury? Might he not have acted on this assumption and put his limbs or head out the distance of ten inches, and

not, as a matter of law, be said to be guilty of contributory negligence? In doing so, under such circumstances, could it be said, as expressed by this court in *Beaver v. A. T. & S. F. Rld. Co.*, supra, that "before the case could be taken from the jury on the ground of contributory negligence, it should be established beyond cavil or dispute, leaving no room for differences of opinion upon the question"?

But this is not the exact question. The plaintiff did not act upon deliberation and upon the apparent conditions indicated above. His act was casual, involuntary, and without the previous knowledge of the close proximity of the pole to the car. The question is, What would an ordinarily prudent man have done under like circumstances? Can it be said that no two reasonable minds might not give different answers to this question? Should he have arisen and leaned forward over the passengers in front of him? Or should he have gone into the aisle and walked to the passenger addressing him? Or should he have done as he did? What is the exercise of ordinary care under such circumstances is a question of fact for the jury and not a question of law to be determined by the court.

The case is therefore remanded, with instructions to set aside the judgment and overrule the motion.

All the Justices concurring.