FLORENCE EDWARDS, *Appellee,* v. THE UNION PACIFIC
RAILROAD COMPANY, *Appellant.*

No. 18,045.

SYLLABUS BY THE COURT.

1. PERSONAL INJURIES—*Contributory Negligence—Question for
Jury.* Upon the facts stated in the opinion it is held that
whether or not the plaintiff was guilty of contributory negli-
gence in walking along a depot platform so near to the
tracks that she was struck by the engine of an incoming
train which she was intending to board was a question for
the jury.

2. ——— *Negligence of Railroad Company—Question for Jury.*
Upon the facts stated in the opinion it is held that the ques-
tion whether defendant was negligent in the manner in which
it constructed and maintained its depot platform was likewise
one for the jury to determine.

Appeal from Ellis district court. Opinion filed July
5, 1913. Affirmed.

*R. W. Blair, B. W. Scandrett,* and *C. A. Magaw,* all of
Topeka, for the appellant.

*S. I. Hale,* of La Crosse, and *E. A. Rea,* of Hays, for
the appellee.

The opinion of the court was delivered by

PORTER, J.: This is an appeal from a judgment in
plaintiff's favor for injuries caused by the engine of a
pasenger train, which plaintiff was intending to board,
striking her as it pulled into the station at Hays.

The depot at Hays is on the north side of the
track with the waiting room near the east end. The
depot platform is 612 feet long, constructed of gravel,
and is level with the tracks. Fifteen feet west of the
door of the waiting room a bow window extends part
way across the platform, and against the south side
of the window stands a signal post. West of the bow
window the platform for a distance of 350 feet is 17
feet wide; east of the window and in front of the door

of the waiting room it is 19 feet wide. Between the window and signal box and the north rail of the track the width is 7 feet 8 inches; and by reason of the fact that locomotives extend over about 27 inches, the platform space at this point which is safe for travel is less than five feet. At the time the accident occurred there was no mark or notice to indicate the point of danger from moving trains to a person walking or standing on the platform. On August 7, 1908, the train arrived from the east in the evening about 8 o'clock, which was before sunset. Plaintiff had purchased a ticket for Denver, and when the train whistled she came out of the south door of the waiting room in company with two other ladies and started along the platform, intending to board the chair car which stopped about 90 feet west of the bow window. There were several persons standing and moving about the platform near the window. Plaintiff, who was walking with her back to the incoming train, failed to realize how close she was to the track and was struck by the pilot of the engine and seriously injured.

Several persons testified that they saw that plaintiff was in danger, and one of them who was within reach tried to pull her out of the way. Plaintiff was familiar with the station and surroundings, having lived most of her life in Hays. She testified that all she could remember of the circumstances was that she was trying to get around the signal post through the crowd where it would be safe for her, and at the moment she supposed she was nearer to the bow window than she really was. She had heard the train whistle but supposed it was farther away, that she did not look toward the track or in the direction of the train; she was looking straight in front of her and trying to get through the crowd. Her testimony was that she knew it was dangerous there between the post and the track, and that if she had seen or realized her situation she would not have stood so near; that she did not believe

she could have seen how near she was to the track if she had looked. A number of persons who witnessed the accident testified that she did not look back or toward the track at any time before she was struck, and some of them said she was laughing and talking with her companions as she walked along.

Having stood upon a demurrer to the evidence and a request for a peremptory instruction, defendant contends that there was no showing of any negligence on its part, and further that the proximate and only cause of plaintiff's injuries as shown by the testimony was her own negligence in walking so close to an approaching train. Upon the question of contributory negligence the court gave this instruction:

"If you find and believe from the evidence that the plaintiff knew when she went upon the platform that train No. 103 was pulling into the station, and if she walked along the platform on the side of the crowd nearest the track without noticing whether or not she was dangerously near said track, and if she could have seen that the train was near her if she had looked, but failed to look to see where the train was or where she was, and if in that position while walking west with her back to the incoming train she was struck by that train, then she was guilty of contributory negligence, and you should find for the defendant."

If, as defendant argues, this instruction is correct, it was the duty of the court to sustain the demurrer, for every fact upon which the instruction is predicated is established by uncontroverted evidence and is admitted by the plaintiff. There was no objection, so far as the record shows, to the giving of the instruction, and neither in the oral argument nor in the brief has plaintiff questioned its correctness.

As applied to the facts of this case, we think the instruction was too favorable to the defendant. It correctly states the general rule, but it fails to authorize the jury to take into consideration the conditions and circumstances in which the plaintiff was placed, the

presence of a crowd of persons between her and the narrow space in front of the window, the confusion which ordinarily occurs at such times, and the natural inclination of persons who are situated as plaintiff was to concentrate their faculties upon efforts to secure a favorable position from which to board the cars. After all is said, the sole question is, Are the admitted facts such that reasonable minds could not differ as to her contributory negligence? If, from all the evidence, reasonable minds might reach different conclusions, it becomes a question for the jury; otherwise for the court. (*Railroad Co. v. Powers*, 58 Kan. 544, 50 Pac. 452; *Davis v. City of Holton*, 59 Kan. 707, 54 Pac. 1050; *Cummings v. Railroad Co.*, 68 Kan. 218, 74 Pac. 1104.)

Had the evidence shown that the platform space about the window had been comparatively free and unobstructed and that plaintiff, with ample opportunity to choose a safe place to walk, had put herself or remained in a position of obvious danger from incoming trains, the instruction would have stated the law correctly. Her testimony, however, is that she was endeavoring to get past the narrow space in front of the window, and because of the crowd of persons about her she was prevented from realizing her danger, and believed she was nearer to the signal post and window than in fact she was. In view of all the circumstances we find ourselves unable to declare as a matter of law that the plaintiff was guilty of contributory negligence, and therefore hold that the question was for the jury to determine.

The remaining question is whether the evidence supports a finding that the defendant was negligent in the manner in which it constructed and maintained its platform. In the construction of stations and platform grounds the carrier is not held to that high degree of care which must be exercised in the transportation of passengers. The defendant has no quarrel with the instructions of the court in this respect, and concedes

that the law is as stated in *Sweet v. Railroad Co.*, 65 Kan. 812, 70 Pac. 883, where it was said:

"It is true, a railroad company owes a duty to its passengers, and, perhaps, to all others who are there on proper business, to use ordinary care in constructing and maintaining platforms about its depots. It is not required to make it impossible for one to injure himself. Such ordinary precautions must be used to prevent injury as suggest themselves to a reasonably prudent person." (p. 814.)

The contention is that in determining whether the defendant has exercised reasonable care in the construction of the platform a court and jury must be governed by the kind of platform in general use by railroad companies, and cases are cited in support of the doctrine that an inexpert jury will not be permitted to say that a structure which has been adopted generally by railroad companies is an improper one. Conceding the general doctrine for the purpose of the argument, we think it can hardly be made to apply to the present situation. There was no proof that the alleged defect in this platform is one that is common to railway platforms as generally constructed and maintained. We know from experience and observation that depots and platforms are frequently constructed with a bow window which extends toward the tracks and which has the effect of reducing to some extent the space left for platform purposes, but observation has not shown us that as a general rule they are constructed and maintained with relation to the waiting room and the place where trains stop to take on passengers as was the platform in question.

Of course the mere fact that a railroad company has adopted a particular plan in the construction of a depot and platform does not cut off all inquiry as to whether in so doing it has exercised reasonable care for the safety of its passengers. In this case we think it was a proper question to be submitted to the jury. They might have determined that reasonable care for the

safety of passengers was not exercised in view of the location of the waiting room and the place over which persons coming from the waiting room to board their trains were obliged to pass. One test is said to be the usual and ordinary way generally adopted by those in the same line of business. There is, however, nothing in the record to disclose that the way this platform was constructed and maintained was that in common use by railroads generally; nor, as before stated, can we say from our observation that station platforms are generally maintained in the same way. If the door of the waiting room had opened upon that part of the platform west of the bow window so that in order to reach the train persons would not have been obliged to walk along the narrow space between the signal box and the tracks, it is quite obvious that the danger from accidents of this kind would have been materially lessened. Whether ordinary prudence would not have suggested that precautions of some kind be taken to prevent injury to persons using the narrow space at times when it should become crowded by passengers hurrying from the waiting room to get on board the train was, we think, a jury question.

The defendant argues that no platform could be constructed which would be safe if all the people gathered there should attempt to occupy one part of it, and contends that the space of less than five feet was sufficient to enable the patrons of the road to pass from one part of the platform to the other, if too great a number did not attempt to pass at one time. The question whether defendant exercised reasonable care in maintaining a platform with this narrow space depends, we think, upon whether a reasonably prudent person would not have anticipated that at times when more or less confusion would naturally occur by reason of crowds being on the platform and trains coming into the station too great a number might attempt to use the narrow space at one time.

It follows that the judgment must be affirmed.