JOSEPH MALAKIA *vs.* RHODE ISLAND COMPANY.

JANUARY 28, 1914.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

(1) *Negligence. Carriers.*

Plaintiff was seated at the end of one of the smoking seats of an electric car. The guard rail was down. Plaintiff in flicking the ashes from his cigar extended his left hand over the guard rail and a sufficient distance beyond the side line of the car to bring the heel of the palm of his hand in contact with the trunk of a tree standing beside the track. Plaintiff had been a passenger on that line once or twice a week for twelve years and admitted that during that time he had known of the trees along the side of the track. He also testified that when he extended his hand he did not look to see where it was going:—

*Held,* that the guard rail was a notice to passengers to keep their bodies and limbs within the same and not expose themselves beyond the line thereof.

*Held,* further, that plaintiff was guilty of contributory negligence.

*Held,* further, that a nonsuit was properly granted.

TRESPASS ON THE CASE for negligence. Heard on exceptions of plaintiff and overruled.

VINCENT, J.   This is an action of trespass on the case for negligence and was tried to a jury in the Superior Court, in Kent County.   At the conclusion of the testimony for the plaintiff, the presiding justice, on motion of the defendant, adjudged the plaintiff nonsuit to which the plaintiff duly excepted.   Said exception is now before this court.

The plaintiff claims that the Superior Court erred in granting the defendant's motion for a nonsuit because (1), whether or not plaintiff was guilty of such contributory negligence as would bar him from recovery was a question for the jury; that (2), the plaintiff's case was sufficiently made out and the proof of the proximity of the tree to the tracks was sufficient to show negligence on the part of the defendant; and, therefore, the question as to the negligence of the defendant should have been left to the jury.

It appears from the evidence that on Sunday morning, July 21, 1912, the plaintiff boarded one of the defendant's cars, bound to Providence, at or in the vicinity of the village of Natick and seated himself upon the extreme left of the second seat from the rear end, being one of the smoking seats, so-called.   The guard rail on the left hand side of the car was down.   The plaintiff was smoking a cigar.   When the car was turning from Reservoir Avenue into Elmwood Avenue, the plaintiff in flicking the ashes from his cigar extended or thrust his left hand over the guard rail and a sufficient distance beyond the side line of the car to bring the heel of the palm of the hand in contact with the trunk of a tree standing beside the track, the force of the blow breaking his wrist.

In his testimony at the trial the plaintiff admitted that he had been a passenger upon this line of the defendant's cars once or twice a week for a period of twelve years and that during that time he had known of the trees along the side of the track.   The plaintiff also testified that when he extended his hand in flicking the ashes from his cigar he did not look to see where his hand was going.

The evidence does not show definitely the distance to which the plaintiff must have extended his hand to bring the heel of the palm in contact with the tree. He estimates the distance at not more than six or seven inches but it is evident that six or seven inches would not carry it beyond the line of the car. Adding to the line of the car the measurement of the hand from the end of the fingers to the heel of the palm, which would be some five or six inches, it is evident that the plaintiff is mistaken as to the distance to which he extended his hand, a mistake which is not surprising as he confessedly was paying no attention to what he was doing. It is not, perhaps, under the circumstances of this case, important to determine the exact distance which the plaintiff extended his hand beyond the guard rail. That he extended it a considerable or substantial distance is clear from his own testimony and the testimony of other witnesses. The plaintiff admits that in extending his hand beyond the guard rail he did so with the full knowledge that there were trees in close proximity to the track and that he did not look or make any effort whatever to ascertain the safety of the movement which he was about to make. While the position of the guard rail would deter passengers from alighting from that side of the car it would also be a notice to them to keep their bodies and limbs within the same and not expose themselves beyond the line thereof.

The great weight of authority in this country seems to support the proposition that a passenger upon a car who rides with his arm or hand out of the window or otherwise allows his hand or arm to extend outwardly beyond the side line of the car is not in the exercise of due care, but is guilty of contributory negligence. Elliott on Railroads, Volume 4, Section 1633; *Todd* v. *Old Colony Ry.*, 3 Allen, 18; *Cummings* v. *Worcester, etc., Ry.*, 166 Mass. 220; *Moore* v. *Edison Electric Co.*, 43 La. Ann. 792; *Indianapolis Ry. Co.*, v. *Rutherford*, 29 Ind. 82; *Benedict* v. *Minneapolis & St. L. R. Co.*, 86 Minn. 224; *Clarke's Adm'r* v. *Louisville & Nashville Ry.*, 101 Ky. 34; *Dun* v. *Seaboard & Roanoke Ry.*, 78 Va. 645.

Many other cases, to the same effect, cited in the opinions are not included in the above.

The plaintiff has cited numerous authorities in support of his contention that the trial court erred in granting the nonsuit and that the question of the plaintiff's contributory negligence should have been left to the jury. All of these cases have been carefully examined and we think that they are readily distinguishable from the case at bar. In some of them the question of the plaintiff's contributory negligence rested upon disputed facts while in others the questions raised by the facts were those upon which reasonable minds might differ. In the case at bar, as we have already seen, there are no material disputed facts, and reasonable minds could hardly differ as to the plaintiff's contributory negligence when he admits that the guard rail was down, that he knew of the proximity of the trees, and that he did not even take the precaution to look before thrusting his hand out beyond the line of the car. Without attempting to distinguish each and all of the cases which the plaintiff cites in his brief and point out the features which distinguish them from the case at bar, a reference to some of them may be advantageous.

In the case of *Elliott* v. *Newport Street Ry. Co.*, 18 R. I. 707, the plaintiff, with others, was riding upon the footboard of one of defendant's cars, holding on to two of the stanchions, supporting the roof of the car, on either side of him, with his face turned toward the opposite side of the car. The plaintiff had never ridden over that part of the defendant's road before that time and was ignorant of the location of the trolley pole by which he was struck. After passing eight of the trolley poles safely, the plaintiff, while in the act of taking his fare from his pocket, came in contact with the ninth trolley pole erected on the edge of the curbstone and ten and one-half inches from the outer edge of the footboard on which the plaintiff stood and was thrown to the ground and injured. The plaintiff was riding on the footboard without objection and there was testimony

that he did not hear any warning as to the danger of contact with the trolley poles. The court held that under all these circumstances and conditions the question of contributory negligence should have 'been left to the jury. It is quite different from the case at bar where the plaintiff was fully acquainted with the situation and made no effort to look out for his own safety.

In the case of *Dahlberg* v. *Minneapolis Ry. Co.*, 32 Minn. 404, the plaintiff sat down at an open window in the defendant's car resting his hand upon and grasping the window sill so that his fingers only were outside of the car. While the car was passing, at considerable speed, a plank sheathing surrounding the construction work of a sewer, one of the planks, only one inch from the car, grazed his fingers. The plaintiff had no knowledge of the situation. There was also conflicting testimony upon several points and the court held that the case was for the jury, but stated the general proposition of law that if a man should thrust his hand outside of a car window carelessly and negligently, so as to come in contact with an object which was at a reasonably safe distance from the car, he could not recover at all. The facts in that case do not seem to warrant its application to the case at bar.

In the case of *Kird* v. *New Orleans R. R.*, 109 La. 525, the injury to the plaintiff occurred by coming in contact with a bale of cotton placed upon and overhanging the defendant's platform to such an extent that it grazed the cars as they passed and struck the plaintiff's elbow which was resting on the window sill. We think that that case presented very different conditions from the case at bar.

In *Francis* v. *N. Y. Steam Co.*, 114 N. Y. 380, there was a conflict of testimony as to whether the plaintiff's arm, at the time of the accident, was wholly within the car or protruding therefrom. In *Beaver* v. *A. T. & S. F. R. R.*, 56 Kan. 514, the question was as to defendant's negligence in dumping a pile of cinders between two tracks where its inspector, the plaintiff, was required to pass in the discharge

of his duty.   In *D. & M. Ry. Co.* v. *Steinburg,* 17 Mich. 99, where the plaintiff sought to recover damages for injuries sustained by being struck by defendant's locomotive at a crossing, the testimony as to speed, warning, and the conduct of the plaintiff was conflicting.   In *Cummings* v. *Wichita Ry.,* 68 Kan. 218, the plaintiff was riding in an open car without screens or guard rails, his back toward the front of the car. The track was double with trolley poles between.   The car was wider than those previously used by the defendant, but the difference in width was unknown to the plaintiff.   The position of the trolley poles had not been changed.   The court said: "Might not plaintiff, by the absence of a rail or screen, have been assured that there was no danger to be apprehended."

The other cases cited by the plaintiff are as readily distinguishable from the case at bar as the cases to which we have specifically referred and we do not think that they need to be separately considered.

We think that the nonsuit was fully justified by the evidence.   The plaintiff's exception is overruled and the case is remitted to the Superior Court with direction to enter judgment for the defendant upon the nonsuit.

*Alberic A. Archambault, Raoul Archambault,* for plaintiff. *Joseph C. Sweeney, Alonzo R. Williams,* for defendant.