No. 18,638.

ANASTASIO PALOMINO, *Appellant*, v. THE ATCHISON,. TOPEKA & SANTA FE RAILWAY COMPANY, *Appellee.*

SYLLABUS BY THE COURT.

1. EMPLOYER'S LIABILITY ACT—*Injuries—Loading Rails on Flat Car—Projecting Rail Not an Obstruction "Within the Mean-of the Act."* In loading rails on a flat car one of them was. so laid as to project over the side of the car and an employee in lifting another rail upon the car struck his hand. against the projecting rail and sustained an injury. In an action to recover for the injury it is held that the projecting rail was not an obstruction within the meaning of the employer's liability act (Laws 1911, ch. 239), which provides,. among other things, that a railroad company shall be liable to an employee who shall be injured by reason of "any insufficiency of clearance of obstructions."

2. SAME—*"Clearance of Obstructions" defined.* "Clearance of obstructions" as used in the act means the removal of impediments that would interfere with the passage of engines, coaches, cars or trains or the safety of employees working on or near vehicles moving over the rails of a railroad.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed February 7,. 1914. Affirmed.

*J. M. Stark,* of Topeka, for the appellant.

*William R. Smith, Owen J. Wood,* and *Alfred A. Scott,* all of Topeka, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action to recover damages for personal injuries sustained. Anastasio Palomino, the appellant, was in the employ of the Atchison, Topeka and Santa Fe Railway Company, the appellee, at Wellington, as a common laborer, on March 5, 1912. With twenty-three other men he was engaged in the loading of rails on a flat car. These men were working in two gangs of about eleven and thirteen respectively, the appellant working with the larger gang. Palomino had been at work for about two hours when he sustained the injury upon which this action is grounded. The floor of a flat car, according to the evidence, is about four feet above the top of the rail, and the rails had been loaded on this particular car to a height of about twelve to fourteen inches. Appellant was lifting at one end of a curved, or crooked, rail which was about thirty feet in length and weighed fifty-two pounds to the yard. When the rail was thrown upon the car appellant's left hand was caught between that rail and one which was projecting from the car, of which it was alleged appellee had or should have had knowledge, causing a fracture of the little finger and an injury to another. It was alleged that the injury was permanent and that appellant sustained damages in the sum of $3000. The case was submitted to the jury on appellant's evidence, upon which a verdict in favor of the railway company was returned. With it special findings were made, to the effect that the rail which appellant and twelve others were lifting at the time of his injury was somewhat curved and weighed fifty-two pounds to the yard, that the rail against which he struck his hand projected a

little over the side of the car, that appellant knew that it did project and that he had previously helped to lift other rails over the projecting one, that he had not made any effort to push that rail back on the car after noticing that it projected, and, further, that neither the foreman of the men nor his assistant knew that the rail projected over the side of the car prior to the injury of appellant.

Complaint is made of the rulings of the trial court in instructing the jury. Several instructions were requested upon the theory that the facts in the case came within the provisions of chapter 239 of the Laws of 1911, the employer's liability act, which takes away the defenses of contributory negligence and assumption of risk in certain classes of cases. The contention is that the rail which projected somewhat over the side of the car on which appellant was helping to load the rails was an "insufficiency of clearance of obstructions," and also that there was an insufficient number of employees to load the rails with safety to the men. The act, so far as pertinent to this inquiry, provides:

"That every company, corporation, receiver or other person operating any railroad in this state shall be liable in damages to any person suffering injury while he is employed by such carrier operating such railroad . . . for such injury . . . resulting in whole or in part from the negligence of any of the officers, agents or employees of such carrier; or by reason of any insufficiency of clearance of obstructions, . . . or rules and regulations and of number of employees to perform the particular duties with safety to themselves and their co-employees." (Laws 1911, ch. 239, § 1.)

It is argued that the projecting rail on the flat car was an obstruction and that as the injury of appellant resulted from it a liability of the company arose under the statute regardless of negligence. The court, in its instructions, appears to have eliminated from the case the defenses of assumption of risk and contributory

negligence except so far as the latter might affect the
amount of recovery under the rule prescribed in section
2 of the employer's liability act.   But it is contended
that the rule should have been more plainly stated, and
that the refusal of a requested instruction upon the
subject was error.   Was the projecting rail over which
appellant was loading rails an "insufficiency of clear-
ance of obstructions"?   The expression evidently means
an insufficiency of space between engines, cars, coaches
and trains which must pass on fixed tracks or between
them and objects along the tracks.   If the space
between them was so narrow as to imperil employees
working upon the cars or upon the ground there would
be insufficient clearance.   One of the definitions of the
term "clearance," as applied to railroad operation,
given in Funk & Wagnalls New Standard Dictionary,
p. 498, is, "A space between the guard-, cross-rails and
frog at crossings, which secures the uninterrupted pas-
sage of a car or engine;" and of the term "clearance-
point" the definition given is, "The place where a side-
and main-track are sufficient in width to allow of one
train clearing another."   As to mechanics the definition
of "clearance" is, "The space by which a moving ma-
chine or part clears something."   The word "clear" is
defined as, "Unbroken or unobstructed distance of
space, as between two things where nothing inter-
venes."   The placing of mail cranes, water tanks, tele-
graph poles, switch stands, station buildings or the
awnings on the same, or other structures so close to the
track as to endanger the safety of employees on pass-
ing trains are illustrations of the lack of sufficient
clearance.   An example of this is shown in *St. L., Ft. S.
& W. Rld. Co. v. Irwin,* 37 Kan. 701, 16 Pac. 146, 1 Am.
St. Rep. 266, where the overhead beams of a railroad
bridge were so low as to sweep off a brakeman stand-
ing on the top of a passing train.   Another is where
a switch stand with an arrowhead on top was placed
between two tracks so as to leave only a space of nine

inches between the switch-target and a car passing over the tracks, with the result that a trainman was knocked from a ladder on the side of a car. (*Railway Co. v. Michaels,* 57 Kan. 474, 46 Pac. 938.) The projection of a bow window of a station house with a signal post in front of it left so narrow a space between them and the railroad track that a person walking along the station platform to board an incoming train was injured by it is another illustration, and while this case does not come within the operation of the act in question it serves to illustrate what may be called "insufficiency of clearance of obstructions." (*Edwards v. Railroad Co.,* 90 Kan. 183, 133 Pac. 728.) The obstruction for which insufficiency of clearance is made a ground of liability does not include the article or thing being moved by employees on or off cars or from one place in the yard or building to another. If it applied to rails that were being loaded on cars it would be equally applicable to barrels, boxes or packages that were being moved from one part of a warehouse or station to another. In that view it would include piles of ties and rails and other supplies in the railroad yard, and also wheelbarrows and tools used on railroad premises. In a sense, every tool or instrument used by an employee and every article or thing handled by him on or about railroad premises is an obstruction, but it is clear that these things were not within the legislative purpose in the enactment under consideration. In railroad parlance "clearance of obstructions" means the removal of impediments that would interfere with the passage of engines, cars and trains or the safety of those performing duty on or near vehicles moving on or over the rails of a railroad. If the car with the projecting rail had been passing along the railroad and the projection had struck an employee who was on duty close to the track such projection might be regarded as an obstruction under the statute, but the fact that one of the rails which were being

loaded on a standing car was not laid straight with the others does not constitute such rail an obstruction within the meaning of the act.   It is no more within the statute than an irregularly laid or protruding tie would be if workmen had placed it in a pile which they were building upon the ground.   We conclude that the projecting rail did not constitute an "insufficiency of clearance of obstructions" and is clearly outside of that provision of the statute.

The appellant alleged that there was not a sufficient number of employees, and this is alleged to be another ground of liability under the same act.   It appears, however, that the court instructed the jury that if the company failed to furnish a sufficient number of men to do the work with safety and that the injury resulted from such failure the railway company would be liable. The general finding of the jury in favor of the railway company is equivalent to a finding that there was no insufficiency in that respect.   This and the claim relating to obstructions are the only ones made by appellant under the provisions of the employer's liability act.

In the petition there were allegations charging negligence on the part of appellee, but the special and general findings of the jury negative these charges. Appellant claims that the appellee did not elect to come within the provisions of the workmen's compensation act (Laws 1911, ch. 218) and that it is therefore deprived of the defense of assumption of risk.   Nothing in the abstract shows what, if any, action the appellee had taken with respect to this act, but if it be assumed that it has not elected to come within its provisions and that, therefore, assumption of risk by the employee is not a defense, there is still no error in the instructions as the court in its charge did not place this burden upon appellant nor instruct the jury that proof of this defense would defeat a recovery by him.

The judgment of the district court will be affirmed.