CARL AUGUST DAHLBERG *vs.* MINNEAPOLIS STREET RAILWAY COMPANY.

November 12, 1884.

**Carrier of Passengers—Street Railway—Obstacles near Track—Injury to Passenger.**—A street railway company, as a carrier of passengers, is bound to exercise the highest care in the management of its cars in approaching and passing structures and obstacles in the street situated unreasonably close to the track.

**Same—Duty of Passenger—Position in Car—Contributory Negligence.** The position which a passenger in a street car may reasonably be allowed to assume, when taking or occupying a seat, is subject to no arbitrary rule. He is to exercise a degree of care commensurate with the danger to which he may be exposed, and such as men of common prudence would exercise in a like situation, having regard to all the circumstances, and considering the probability that the carrier will exercise due care; but the degree of care to be exercised in any particular case is usually a question of fact for the jury.

**Same—Question for Jury.**—Where a passenger in a street car, while in the act of taking his seat, rested his hand on and partially over the base of an open window, and the same was immediately struck and injured by upright sewer planks standing in close proximity to the passing car, *held*, that the question of contributory negligence on his part was for the jury.

Appeal by defendant from an order of the district court for Hennepin county, *Koon*, J., presiding, refusing a new trial, after a verdict of $1,300 for plaintiff.

*Wilson & Lawrence*, for appellant.

*Merrick & Merrick*, for respondent.

VANDERBURGH, J.   This action is for damages for injuries received by plaintiff while a passenger upon one of the defendant's street cars, in the city of Minneapolis. The accident occurred from the contact of plaintiff's hand, which was partly outside the open car window, with upright planks placed by the city near the track while in the construction of a sewer across the street and under the track. The evidence is conflicting as to the degree of proximity of the sewer planks to the body of the passing car, but we think there was evidence in plaintiff's behalf, for the jury, tending to show that the car ran very close and

within less than an inch of them. These planks were erected each side of the sewer, about three feet apart, and were for the purpose of preventing the earth from caving in during the progress of the work. The plaintiff states in his testimony that he entered the car, proceeded to the front to pay his fare, got change in an envelope, and went back and sat down, and says: "I put my hand like this on the window," (illustrating by putting his hand on the arm of a chair, with the fingers on the outside;) "I was hardly sitting down before I was struck by the planks." He also testifies that his hand was caught and turned around by the first plank and his arm broken by the second plank, and that his hand was first struck on the knuckles. "The car was going pretty fast,—trotting." On cross-examination, he said: "I walked back from the front of the car to the second window; I had the envelope in my fingers and put it out; I did not throw it out; I put my hand out just far enough to let the envelope out; I was partly sitting down before I was struck with the first plank; my hand was caught just as I sat down." The sewer planks had just been put up, and the driver of the car had not previously passed them. He had sole control and management of the car, and, according to plaintiff's evidence, he did not stop or slacken its speed on approaching the sewer. It does not appear that plaintiff had any notice of the obstruction.

1. The defendant, as a carrier of passengers, was bound to exercise extraordinary care, and liable for slight neglect, and the question of negligence in the management of the car on approaching an obstacle which might graze or come in such close proximity to the car as to be dangerous, would naturally be for the jury, and we think it was properly submitted to them in this case; for, independently of contributory negligence on the part of a passenger, he might, by a jolt of the car or for other justifiable reason, temporarily expose a hand or limb beyond the limits of the car, and be injured. *Dickinson* v. *Port Huron & N. W. R. Co.*, 18 N. W. Rep. (Mich.) 553.

2. The principal question in the case is presented by the defendant's exceptions to the rulings of the court upon the question of the plaintiff's alleged contributory negligence in temporarily extending his hand or fingers over the edge of the window-sill. The court charged the jury that "as a general proposition of law, if a man should thrust

his hand outside of a car window carelessly and negligently, so as to come in contact with an object which was at a reasonably safe distance from the car, and should be injured, and he would not have been injured but for that negligent act on his own part, he could not recover at all." But if the plaintiff simply put his hand upon the window-sill as he sat down, and as described in plaintiff's testimony, the windows being open, though his fingers were beyond and outside of the window, "if the accident occurred in that way, and that was all he did," it was not, in the opinion of the court, negligence in law. The court further instructed the jury that he was bound to do what a person of ordinary prudence would do, and nothing more, and "he is liable for contributory negligence if he did in this instance what a person of full age and discretion, and ordinary intelligence, care, and prudence, should not have done." The court, therefore, left the question to the jury, and refused to charge the jury, as requested by defendant's counsel, that if the jury believed that the plaintiff's arm or hand was outside the window when the injury occurred, he could not recover.

We are not prepared to say, assuming plaintiff's version of the case to be true, that the court erred in holding that, if the conduct of plaintiff was negligent, it was an inference to be drawn by the jury and not by the court. By this the court did not imply that plaintiff's conduct was not negligent, but that it was not necessarily or conclusively such. A very careful or thoughtful person would be likely to refrain from such an act, while it is not so clear that, in the judgment of a majority of ordinarily prudent men, the conduct of the plaintiff, as testified to by him, would, in itself, be careless or unauthorized. A passenger is to be allowed a reasonable measure of liberty in the position assumed by him in taking or occupying his seat. He is expected to exercise care commensurate with the danger to which he may be exposed; but the degree of care to be exercised on a particular occasion is generally a question of fact for the jury. *Stackus* v. *N. Y. C. & H. R. Co.*, 79 N. Y. 464. Thus, whether the act of standing on the platform of a street car, or of getting on or off such car while in motion, is negligence, is held usually to be for the jury under the circumstances of each case. Whart. Neg. §§ 365, 370; *Meesel*

v. *Lynn & B. R. Co.*, 8 Allen, 234; *Eppendorf* v. *Brooklyn City & N. R. Co.*, 69 N. Y. 195; Shear. & Redf. Neg. § 282. So, in *Germantown P. Ry. Co.* v. *Brophy*, 17 Rep. (Pa.) 538, it was held not negligence *per se* for a passenger to rest his arm on a window-sill, "which is substantially the top of the back of the seat," whence, by a jolt of the car, his arm was thrown out of the window and injured; the court saying: "In the absence of collision with an external object his arm was in no danger of injury. He was under no legal obligation to assume or anticipate that the company would run another car against the one in which he was sitting." But if, instead of resting his arm on the window-sill, he had taken hold of it as did the plaintiff, his hand extending, say, less than an inch beyond the car, the same suggestion might be made (notwithstanding the additional fact) in considering the question of negligence. Whart. Neg. § 362; Hutch. Carr. § 659; Thomp. Carr. 258; *Fordham* v. *London, etc., Ry. Co.*, L. R. 3 C. P. 368; Ang. Carr. § 559, note; *Seigel* v. *Eisen*, 41 Cal. 109; *Miller* v. *St. Louis R. Co.*, 5 Mo. App. 471; *Spencer* v. *Mil. & P. R. Co.*, 17 Wis. 487. That is to say, whether the position or conduct of the passenger in such cases is reasonably prudent, considering the circumstances and the probability that the carrier will exercise due care, is not necessarily a question for the court, (though in clear cases it of course would be,) but may be and ordinarily is for the jury.

It must also be considered that in order to the successful operation of cars there must be a reasonable space, on each side, between them and any structures or obstacles in the street, to accommodate their movements caused by irregularities or impediments on the track; and that as respects danger from collision with such structures, it is ordinarily easily averted in the case of street cars, which run at a moderate rate of speed, and are readily controlled. *Lynam* v. *Union Ry. Co.*, 114 Mass. 83; Thomp. Carr. 258, 446. The question of the passenger's negligent conduct must be largely affected by the circumstances of each case, including any indications of danger from obstructions, or interruptions, from whatever cause, which might influence the conduct of a prudent person. But in *Todd* v. *Old Colony & F. R. Co.*, 3 Allen, 18; s. c. 7 Allen, 207, it was unqualifiedly ruled that voluntarily suffering an arm or any part of it by a pas-

senger to extend beyond the external surface of a car was negligence *per se.* And in *Pittsburg & C. R. Co.* v. *McClurg,* 56 Pa. St. 294, it is assumed by the court that such conduct by a passenger is wholly unauthorized and presumptively negligent. These cases growing out of accidents arising upon steam railways have been followed by the courts of several other states. The same rule was also applied in *Lauderbach* v. *People's R. Co.,* Pa. Sup. Ct. 1884,—a street car case. The hand of a passenger holding on to the window of a car was caught by a colliding car on a narrow street, where the cars necessarily grazed in passing. No reference is there made to any supposed distinction between the case of street and steam railroad cars. The court assume that the protruding hand or arm is in an unlawful place if in any degree outside of the car by the voluntary act of the party, thus cutting off discussion as to whether, in the absence of any regulations on the subject, such conduct in a passenger would be condemned as careless by men of ordinary prudence. The opposite doctrine is maintained, as to street cars, in *Miller* v. *St. Louis R. Co., supra; Seigel* v. *Eisen, supra.* We do not undertake to speak as to the application of the rule to other than street railways, but, confining ourselves closely to the facts of this case as presumptively found in plaintiff's favor by the jury, we are of the opinion that the case was properly submitted to them.

3. It appeared that the plaintiff was a laboring man, and had been laid up for some weeks and unable to do anything. These facts were proper for the jury to consider, in respect to the extent and character of the injury, in their general estimate of damages. No claim for special damages was made in that behalf.

Order affirmed.