## LILLIE STENSHOEL v. GREAT NORTHERN RAILWAY COMPANY.[1]

### February 7, 1919.

### No. 21,134.

**Inadequate damages.**

1. Damages in an action for personal injuries *held* inadequate.

**Damages for personal injury — value of services.**

2. The value of the services of the plaintiff, her inability to perform her usual work at all for a time, and the incapacity resulting from her injury, may be taken into consideration as bearing on damages, though she was working for her father in his business and lived at home and received no wages.

Action in the district court for Polk county to recover $10,000 for injuries received while alighting from defendant's train. The answer alleged contributory negligence on the part of plaintiff. The case was tried before Watts, J., and a jury which returned a verdict for $500.

[1]Reported in 170 N. W. 695.

From an order denying her motion for a new trial, plaintiff appealed. Reversed.

*J. A. Hendricks* and *Larrabee & Olson,* for appellant.

*M. L. Countryman* and *A. L. Janes,* for respondent.

DIBELL, J.

Action to recover damages for personal injuries sustained by the plaintiff. There was a verdict for $500, and the plaintiff appeals from the order denying her motion for a new trial.

1. The plaintiff, a young woman, when alighting from a train of the defendant at Barnesville on November 19, 1916, sustained a dislocation of the knee-cap and the laceration of some ligaments. She received treatment at Barnesville for some three weeks and then was in a hospital at St. Paul for a month. Then she went to her home in Crookston. Afterwards she was in St. Paul once for treatment.

The physicians agree that the injury will not be permanent. They agree that the plaintiff will have occasional trouble and pain and some inconvenience for four or five years. All this will be appreciable and more or less substantial. She now has some difficulty in walking over rough surfaces. The injured knee is one-half an inch less in circumference than the other. The knee-cap is getting well toward its normal position. Time is necessary to a complete recovery. The physical conditions mentioned are those present at the time of the trial 14 months after the injury; and the four or five years suggested as sufficient to bring a complete recovery date from then.

The plaintiff suffered severe pain for some months. She lived at home and for some time had assisted her father in his undertaking business. She could do nothing for some months and her injury still interferes with her work. She received no wages from her father and the evidence of the value of her services is entirely unsatisfactory though it may be gathered from the evidence that she is efficient. She incurred for medical attention and the like an expense of $200.

The amount of the award, of which it is fair to assume that $300 is for general damages, is in our judgment so inadequate that a new trial should be had. The evidence does not justify a very large award, but

$300 is too little. The result seems a compromise between the question of liability and the extent of the injury.

2. In view of a new trial we call attention to one element of damages about which there was confusion though no available error at the trial. Though technically the plaintiff lost no wages, for she was getting none, it was proper for the jury in fixing her damages to take into consideration her earning capacity, what her services were worth, and the loss or decrease of her ability to continue for a time any performance, or the full performance, of such services. See 4 Sutherland, Damages, § 1246; 2 Sedgwick, Damages, § 482; Dahlberg v. Minneapolis St. Ry. Co. 32 Minn. 404, 21 N. W. 545, 50 Am. Rep. 585. We do not overlook Anderson v. Young, 98 Minn. 355, 108 N. W. 298.

Order reversed.