J. L. CARLSON v. W. A. NADDY.[1]

August 8, 1930.

No. 27,789.

*Bauers, Carlson & Beveridge,* for appellant.
*A. H. Clemens,* for respondent.

[1]Reported in 232 N. W. 3.

STONE, J.

Plaintiff had a verdict for $3,500 for personal injuries caused by what the jury considered was defendant's negligent operation of his automobile. The latter appeals from the order denying his motion for a new trial.

It is conceded that the issue of defendant's negligence was for the jury. While plaintiff was riding in defendant's car as his guest they got stalled in a snowdrift. A truck pulled them out backward. While plaintiff was assisting in the operation and between the truck and defendant's car, the latter was moved backward without warning to plaintiff, jamming him against the bumper of the truck.

■ The charge is commendably brief. Having defined negligence once and properly, it was not necessary to repeat the definition in connection with the charge on the issue of contributory negligence. An instruction was requested for defendant that "contributory negligence would be such negligence as contributed in the slightest degree to the injury." That instruction was properly refused. It is objectionable for the reasons stated in Craig v. Benedictine Sisters Hosp. Assn. 88 Minn. 535, 93 N. W. 669, and Roach v. Roth, 156 Minn. 107, 194 N. W. 322. A "correct statement is that the plaintiff's negligence, to prevent a recovery, must contribute proximately to the injury as a cause." Blume v. C. M. & St. P. Ry. Co. 133 Minn. 348, 349, 158 N. W. 418, Ann. Cas. 1918D, 297. The question is not as to the amount of a plaintiff's negligence, if any, but whether, if present at all, it contributed as a cause proximately to the result. Eichhorn v. Lundin, 172 Minn. 591, 595, 216 N. W. 537.

■ The evidence as to the nature and extent of plaintiff's injury is thus summarized in the helpful memorandum accompanying the order appealed from.

"He claims that the injury caused him a great deal of pain; that he still suffers pain; that it causes his feet and legs to become numb and swollen after driving or working. * * * The accident left plaintiff with an ugly scar on each shin about midway between the ankle and knee. The one on the right is further dis-

figured by a lump two or three inches long and an inch and a half wide."

This lump is a muscle hernia. The attending physician, testifying for plaintiff, said that plaintiff would undoubtedly suffer pain in the future; that while there would be improvement it would come very slowly; that the hernia would be permanent unless reduced by an operation and unless so reduced it might cause quite a "bit of pain and trouble"; and that even so the operation "was to be avoided because the part of the leg that was affected has such a small blood supply that it might cause eczema and ulceration." The learned trial judge said, and we agree, that "the verdict is not excessive if plaintiff's description of the pain and disability he suffers is to be believed." It was believed by the jury. Under such circumstances and in view of the present low purchasing power of money, we find no occasion for interfering with the verdict as excessive.

■ The jury was instructed that if they found for plaintiff they were to "determine what sum of money will reasonably compensate him for the pain and suffering and the injuries that he has sustained." The inclusion of the element of mental suffering is assigned as error. We do not think it can be so held. By the decision of Patterson v. Blatti, 133 Minn. 23, 157 N. W. 717, L. R. A. 1916E, 896, Ann. Cas. 1918D, 63, this court committed itself to the rule that "humiliation or mortification to arise in the future on account of disfigurement of person is a proper element of damage in an action for personal injury." The argument now is that plaintiff should not recover anything on that ground because his disfigurement will be apparent only when his legs are exposed below the knee. That factor goes to the amount of damage rather than the right to recover.

■ Another assignment of error challenges the following instruction concerning the amount of recovery:

"You may take into consideration * * * to what extent, if any, it [the injury] will interfere with his carrying on his work, and its effect, if any, upon his earning capacity; the time that he has

lost already because of it and is reasonably certain to lose in the future."

The argument is that that instruction permitted a double recovery for the same items of damage within the rule of Cox v. C. G. W. R. Co. 176 Minn. 437, 223 N. W. 675. The instruction was in effect that the jury might consider to what extent, if any, the injury would interfere with plaintiff's carrying on his work; that is, its effect upon his earning capacity, to be determined by the time that he had lost already because of it and was reasonably certain to lose in the future. The explanatory phrases were used simply in apposition to and explanation of what preceded. They cannot be properly construed as permitting duplication of the same element of damage and a double recovery thereon.

The assignments of error going to rulings on evidence have been considered and found to present no prejudicial error. The order appealed from must be affirmed.

So ordered.