# GERALD T. MARTIN v. C. B. TRACY.[1]

December 23, 1932.

No. 29,193.

[1]Reported in 246 N. W. 6.

L. W. Prendergast and Sweet, Johnson & Sands, for appellant.
Donald O. Wright and Alfred W. Bowen, for respondent.

DIBELL, J.

Action to recover damages sustained by the plaintiff in his person and in his property in a collision between his auto and the auto of the defendant. There was a verdict for $6,500, which was conditionally reduced to $5,900, and the reduction accepted by the plaintiff. The defendant appeals from the order denying his alternative motion for judgment notwithstanding or a new trial.

On November 28, 1930, about half past five or six in the evening, the plaintiff was driving his Ford Tudor automobile northerly of St. Peter on state highway No. 5. It was dark. He ran into the rear of the defendant's truck, which was parked at the side of the highway. The truck had come to a stop because it was out of gas. The defendant then parked it at the side of the highway as best he could and went to the rear, having in mind oncoming cars which might be endangered.

The plaintiff claims that there was no light on the rear of the defendant's truck and relies upon this as a basis of recovery. The fendant claims that he had a light, and, if not, that he was excusable in having his car parked without one; and he further claims that the plaintiff's contributory negligence prevents recovery.

■ The uniform highway traffic act, 1 Mason, 1927, § 2720-48(a), requires that every motor vehicle be equipped with lighted front and rear lights from a half hour after sunset to a half hour before sunrise.

Section 2720-24(a) forbids the parking or leaving standing of an auto upon the paved or main traveled portion of a highway when it is practicable to park or leave such auto off the paved or traveled portion of the highway; and that in no event shall the auto be left upon a highway unless a clear width of not less than 15 feet opposite the auto shall be left for free passage. By subd. (c) this section is made not to apply to the driver of an auto which is disabled while on the paved or traveled portion of the highway to such extent that it is impossible to avoid stopping and temporarily leaving the auto in such position.

Section 2720-54 requires a parked car to have during the same period a light on the car. A violation of the statutes noted gives to the one for whose protection it was enacted a cause of action if injury proximately results from its violation. The principle was discussed in an early case, Bott v. Pratt, 33 Minn. 323, 23 N. W. 237, 53 Am. R. 47, where there was involved an injury resulting from the leaving of a team unhitched in the street. It was applied to motor vehicle traffic, perhaps for the first time in this state, in Schaar v. Conforth, 128 Minn. 460, 151 N. W. 275. The doctrine of these two cases is followed here and elsewhere. The cases are collected and the doctrine discussed in Dohm v. R. N. Cardozo & Brother, 165 Minn. 193, 206 N. W. 377, and in Mechler v. McMahon, 184 Minn. 476, 239 N. W. 605. In Geisen v. Luce, 185 Minn. 479, 242 N. W. 8, there is a full discussion of § 2720-24(c) relative to the disabling of a motor vehicle so that it is impossible to avoid stopping upon an otherwise forbidden portion of a street.

■ The violation of the statutes cited may be excusable or justifiable, as, for instance, when an auto without fault of the driver skids to the wrong side of the street. Chase v. Tingdale Bros. 127 Minn. 401, 149 N. W. 654; Dohm v. R. N. Cardozo & Brother, 165 Minn. 193, 206 N. W. 377; Mechler v. McMahon, 184 Minn. 476, 239

N. W. 605. In the case last cited and in Geisen v. Luce, 185 Minn. 479, 242 N. W. 8, the application of the rule is discussed. And see 3 Dunnell, Minn. Dig. (2 ed. & Supp.) § 4162a, and cases cited.

■ The evidence sustains the finding of the jury that the defendant's auto was parked on the highway without a rear light at a time when the statute says there should be one. The plaintiff says that if there had been a light he would have seen it and that he did not see it. He is positive in his testimony. The defendant is not certain. The most he says is that his auto was serviced at Mankato, some ten miles south of St. Peter, after the usual custom. No one at the garage there gives compelling testimony to that effect. Against this testimony, which is negative, is the testimony of the plaintiff that there was no rear light and the fact that in this short run the gasolene tank became empty. Besides, there is much credible testimony that at different times after the accident the defendant admitted that he had no lights. The jury could find that there was not sufficient servicing and that there was no rear light.

■ The burden of proving that the violation of the duty imposed by statute is excusable or justifiable is upon the party who violated it. Mechler v. McMahon, 184 Minn. 476, 239 N. W. 605; Dohm v. R. N. Cardozo & Brother, 165 Minn. 193, 206 N. W. 377. It does not appear as a matter of law that the defendant was excusable or justifiable in having his car where it was or as it was. The question was for the jury. The evidence does not require a finding that the absence of a rear light was excusable or justifiable or that the defendant was without fault in having the auto where or as it was.

■ The evidence does not require a finding that the plaintiff was guilty of contributory negligence in colliding with the parked car. His own lights were burning. There were several cars coming from the north, the lights of which dazzled him as he approached the defendant's car. He says that he was blinded by them. The defendant says:

"Well, it was only just a second before these two cars went by and he came up the highway and ran into the rear end of the truck on the extreme left corner of the truck. He tried to make the turn

to keep from hitting it, but he didn't see the truck soon enough, being blinded by the last car of these two cars that he met, he was blinded by the first one of them and then blinded more by the second one, but he didn't see the truck until he got right onto it. He tried to make the turn, but couldn't get away fast enough."

The defendant claims that the plaintiff was negligent in that he did not have headlights on his car so that he could see an object on the road such a distance ahead that he could stop and avoid injury. He relies upon Heiden v. Minneapolis St. Ry. Co. 154 Minn. 102, 191 N. W. 254, a case where in the dark a street car ran into a vehicle. That case was considered in Mechler v. McMahon, 184 Minn. 476, 239 N. W. 605; and, while the doctrine was held to apply to the facts in the street car case, it was held inapplicable to such facts as are here present, and 1 Mason, 1927, § 2720-50(a), was suggested as superseding it.

■ The verdict was for $6,500. It was reduced to $5,900. It was not as a matter of law excessive. The plaintiff received a bad injury to his knee. He was in the hospital for three months and on crutches or used a cane much longer. He suffered pain. He sustained a minor injury to his hand but sufficient to be considered in measuring damages. His injury will be permanent, and at times he may be subject to pain. His special damages were $1,500 or more. See Harrsch v. Breilien, 181 Minn. 400, 232 N. W. 710; 2 Dunnell, Minn. Dig. (2 ed. & Supp.) §§ 2596-2597.

■ The court permitted the plaintiff to recover for lost time. There was no error in this. He had been in the business of a dry cleaner, but shortly before the accident leased or sold his business. He had earning capacity. The fact that he was out of employment when injured does not prevent recovery if he was capable of doing work of which he was deprived by the accident. See Stenshoel v. G. N. Ry. Co. 142 Minn. 14, 170 N. W. 695; 2 Dunnell, Minn. Dig. (2 ed. & Supp.) § 2576. The charge did not permit a recovery for lost time and impaired capacity for the same period.

Order affirmed.