MANUEL CABALLERO AND OTHERS, PARTNERS *d.b.a.* CABALLERO SUPPLY COMPANY, v. LITCHFIELD WOOD-WORKING COMPANY, INC.[1]

January 13, 1956.

No. 36,581.

---

[1]Reported in 74 N. W. (2d) 404.

*Henry N. Somsen, Jr.,* and *Stanley V. Kinyon,* for appellants.
*Berens & Rodenberg,* for respondent.

MATSON, JUSTICE.

Appeal from an order denying plaintiffs' alternative motion for judgment notwithstanding the verdict or for a new trial.

This is a suit against the maker of a promissory note by the plaintiffs, who contend that they are holders in due course and that as such are not subject to the defense of a partial failure of consideration. On July 31, 1951, defendant, Litchfield Wood-Working Com-

pany, Inc., executed a promissory note for $3,700, payable 30 days after date, and delivered it to the Midland Lumber & Supply Company of Minneapolis in part payment for lumber obtained by the latter from the Ponderosa Pine Sales Company of El Paso, Texas. The Midland company on or before August 4, 1951, endorsed and delivered this note to Ponderosa. Ponderosa in turn, through its manager, Ben Donaldson, endorsed and delivered the note to plaintiffs (the Caballeros who do business as a partnership) who then gave it to the El Paso Bank as collateral for plaintiffs' indebtedness to that bank. The above parties will hereinafter be referred to as defendant or Litchfield; Midland; Ponderosa; plaintiffs or Caballeros; and Donaldson.

The note in issue was originally executed by defendant for partial payment of a shipment of lumber purchased by it from Midland which in turn had bought it from Ponderosa. Defendant's answer to plaintiffs' complaint alleged as a defense that the lumber was defective and not as warranted and that said defective condition was discovered and made known to the plaintiffs before they acquired the note. The jury, instead of bringing in a verdict for $3,700 or the full amount of the note, awarded plaintiffs only $448.60. The jury thereby found that there had been a partial failure of consideration and also that plaintiffs were not holders in due course.

Since a partial failure of consideration is in effect admitted on this appeal, the only issues are as follows: (1) Did the trial court err in charging the jury that plaintiffs had the burden of proof in establishing that they were holders in due course? (2) Does the evidence, upon the issue of being a holder in due course, support a finding that plaintiffs either did not acquire the note for value or acquired it with notice of the partial failure of consideration? (3) Did the court err in refusing to grant a new trial on the ground of newly discovered evidence?

■ Plaintiffs assert that the trial court erred in charging the jury that the burden was upon them to prove that they were holders in due course since M. S. A. 335.222 specifically provides that:

"Every holder is deemed prima facie to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he, or some person under whom he claims, acquired the title as holder in due course. The last mentioned rule does not apply in favor of a party who became bound on the instrument prior to the acquisition of such defective title."

This assignment of error is not available to plaintiffs upon this appeal. The alleged error was not at any time called to the attention of the trial court by request for instruction, by objection, exception, or by otherwise directing the court's attention thereto, and no assignment thereof was made in the motion for a new trial. Despite errors of fundamental law or controlling principle, a trial court's charge to the jury becomes the law of the case and is not subject to attack or review on appeal when such fundamental errors have not been *seasonably* and *adequately* called to the attention of the trial court— such as by appropriate objection or exception—or have not, as a minimum requirement, been assigned for the first time as error in the motion for a new trial.[2] Unintentional misstatements and verbal errors or omissions in the charge, which have not been objected to before the jury retires—with a distinct statement to the trial court of the alleged errors and the grounds of the objection—, may not, however, be assigned as error for the first time in the motion for a new trial.[3] In so holding we are obviously not, by implication or otherwise, passing on the correctness of the court's charge.[4]

[2]Rules of Civil Procedure, Rules 51 and 59.01(6); Nelson v. Twin City Motor Bus Co. 239 Minn. 276, 58 N. W. (2d) 561; 2 Youngquist & Blacik, Minnesota Rules Practice, p. 555.

[3]Rules of Civil Procedure, Rule 51; see, MacIllravie v. St. Barnabas Hospital, 231 Minn. 384, 43 N. W. (2d) 221; Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754.

[4]The words *prima facie* in M. S. A. 335.222 are significant. Unlike the presumption in TePoel v. Larson, 236 Minn. 482, 53 N. W. (2d) 468, we do not here have a presumption operating against the party with the burden of proof. Instead we have a presumption in favor of the party upon whom the burden of proof rests. See leading case of Ryan v. Metropolitan L. Ins. Co. 206 Minn. 562, 289 N. W. 557, and TePoel v. Larson, *supra*. A presumption

■ Assuming, as we here must, that the charge to the jury is the law of the case, we proceed to the issue of whether the evidence sustains the finding that plaintiffs failed to sustain the burden of proof of showing that they were holders in due course. Since the regularity of the note upon its face is not challenged, and since plaintiffs acquired the note before its maturity, we need consider only if the evidence either sustains a finding that plaintiffs did not acquire the note for value or that they acquired it with notice of the partial failure of consideration.[5]

Plaintiffs herein did not rely solely upon their prima facie status as holders in due course under § 335.222 but introduced affirmative evidence to establish that status in fact. One of the plaintiff partners, Manuel Caballero, testified (1) that Ponderosa, at the time of the negotiation of the note to plaintiffs, was indebted to them in excess of the amount of the note, and (2) that he gave Ponderosa credit for the note on such preexisting indebtedness; but in the course of his testimony he also expressly admitted that even up to the time of the trial, which was approximately two years and nine months after the note had matured, no credit whatever had been given therefor to Ponderosa on plaintiffs' partnership books. Although defendant's answer put plaintiffs on notice that their status as holders in due course would be contested, it is significant that the books were not produced in evidence. There is no evidence that plaintiffs ever made any entry of record on such books or elsewhere to acknowledge or show that Ponderosa had made any payment, *conditionally or otherwise,* on such preexisting indebtedness. Manuel

---

is merely a procedural device for controlling the burden of going forward with the evidence and *it has no additional function other than the limited one of dictating the decision where there is a lack of competent evidence to the contrary.* See, A. L. I., Model Code of Evidence, pp. 306 to 318; 37 Minn. L. Rev. 629; McCormick, Evidence, §§ 314 to 317; Britton, Bills and Notes, § 104. Query—In applying the presumption created by § 335.222, is the proper procedural rule stated in Rule 704 of A. L. I., Model Code of Evidence? See *comment b* under said rule. What is *substantial* evidence under Shell Oil Co. v. Kapler, 235 Minn. 292, 300, 50 N. W. (2d) 707, 713, needs clarification.

[5]See, 2 Dunnell, Dig. (3 ed.) § 950.

Caballero and Donaldson, the general manager of Ponderosa, were friends, and both of them were brokers engaged in importing and selling shipments of lumber from Mexico.

In view of the fact that, for a period of two years and nine months after the maturity of the note, no credit had been given to Ponderosa on the partnership books, and in view of the further fact that the plaintiffs chose not to introduce the books in evidence, the jury, in the light of all the circumstances, could draw the inference that Manuel Caballero was not telling the truth when he testified that Ponderosa had been credited on its indebtedness for the full value of the note. Clear, positive, direct, and undisputed testimony by an unimpeached witness, which is not in itself contradictory or improbable, cannot be rejected or disregarded by either court or jury, unless the evidence discloses facts and circumstances which furnish a reasonable ground for so doing. Such testimony can be rejected only when doubt is cast upon its truthfulness by contradictory or discrediting facts or circumstances. The testimony of a witness may be disregarded if it contains inherent improbabilities or contradictions which, alone or in connection with other circumstances in evidence, furnish a reasonable ground for concluding that the testimony is not true.[6]

It is true that Donaldson testified that he delivered the note to plaintiffs to be credited against the Ponderosa indebtedness to them and thus he corroborated Manuel Caballero's testimony. The jury, however, could disbelieve Donaldson. On certain material testimony Donaldson was directly contradicted by Erwin L. Werking, the president of defendant Litchfield. If the jury believed that Donaldson knowingly and wilfully testified falsely as to any material fact, it

---

[6]Olsen v. Hoffmann, 175 Minn. 287, 221 N. W. 10; In re Estate of Calich, 214 Minn. 292, 8 N. W. (2d) 337; Moeller v. St. Paul City Ry. Co. 218 Minn. 353, 16 N. W. (2d) 289, 156 A. L. R. 371; see, 6 Dunnell, Dig. & Supp. § 10344a; 20 Am. Jur., Evidence, §§ 1180, 1183; Knuth v. Murphy, 237 Minn. 225, 54 N. W. (2d) 771; 58 Am. Jur., Witnesses, § 864.

could justifiably disregard his entire testimony except insofar as it was corroborated by other credible evidence.[7]

Taking the evidence as a whole the jury reasonably could conclude that plaintiffs had not sustained the burden of establishing that they acquired the note for value and that in fact the transfer to them of the note was merely colorable for the unjustifiable purpose of putting them in the shoes of a holder in due course at the behest of and for the accommodation of Ponderosa. No useful purpose will be served by attempting to distinguish the many decisions which have been cited by counsel. No common evidentiary denominator is to be extracted from our decisions by way of formulating any precise definition of just what facts and circumstances will sustain a jury's finding that a purchaser of a negotiable instrument has acted in bad faith, and each case therefore must be determined according to its own peculiar blend of facts and circumstances.[8] Usually no one fact or circumstance is controlling upon the issue of good or bad faith.[9]

 Plaintiffs further assert that the trial court erred in denying their motion for a new trial on the ground of newly discovered evidence. Erwin L. Werking, president of defendant Litchfield, testified in the course of the trial that he had inspected the lumber on July 2, 1951, and that he thereupon informed Donaldson that the lumber was defective and below grade. This testimony directly impeached Donaldson's statement that he had no knowledge of the defect in the lumber at the time the note was delivered to plaintiffs since he alleged he had received no complaint from the defendant at

---

[7] 6 Dunnell, Dig. & Supp. § 10345; 53 Am. Jur., Trial, § 784.

[8] For a variety of facts and circumstances found either sufficient or insufficient to sustain a finding of bad faith, see Drew v. Wheelihan, 75 Minn. 68, 77 N. W. 558; Dekalb Nat. Bank v. Thompson, 79 Minn. 151, 81 N. W. 765; Snelling State Bank v. Clasen, 132 Minn. 404, 157 N. W. 643, 6 A. L. R. 1663; McWethy v. Norby, 143 Minn. 386, 173 N. W. 803; Midland Nat. Bank v. Farmers Co-op. Elev. Co. 157 Minn. 348, 196 N. W. 275; First Nat. Bank v. Malmquist, 158 Minn. 140, 197 N. W. 271; Olsen v. Hoffmann, 175 Minn. 287, 221 N. W. 10; 2 Dunnell, Dig. (3 ed.) §§ 963, 964.

[9] Drew v. Wheelihan, 75 Minn. 68, 74, 77 N. W. 558, 560; Olsen v. Hoffmann, 175 Minn. 287, 221 N. W. 10.

that time. In support of their motion for a new trial on the ground of newly discovered evidence, plaintiffs submitted an affidavit of the station agent of the Great Northern Railway Company at Litchfield, Minnesota. Affiant sets forth that the two cars of lumber, consigned to the defendant, arrived on July 2, 1951, and that one of the cars was placed for unloading on August 3 and the other on August 4, 1951. According to affiant the cars were unloaded on August 4 and 6. Affiant states that the railway regulations do not permit the opening and inspection of cars on order bills of lading until they are surrendered unless the shipper indicates approval of inspection. Affiant further states that no inspection was made in fact before the cars were surrendered for unloading. This evidence would tend to show that the aforesaid testimony of Erwin L. Werking was untrue.

A motion for a new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial court, which must be exercised cautiously and sparingly, and its decision will not be disturbed on appeal except for a clear abuse of discretion.[10] Moreover, if the same diligence which led to the discovery of the new evidence after trial would have led to discovery had such diligence been exercised before trial, a new trial need not be granted.[11] Furthermore, when newly discovered evidence is *cumulative,* the granting of a new trial is within the discretion of the trial court.[12] The trial court denied plaintiffs' motion for a new trial on the ground of newly discovered evidence for the reasons that (1) the verdict is sustainable on the issue of plaintiffs not being a holder for value of the note; (2) the evidence was easily discoverable before the trial; and (3) the new evidence would not conclusively prove that defendant did not make an inspection since he may have acted

[10]Schiro v. Raymond, 237 Minn. 271, 277, 54 N. W. (2d) 329, 333; see, Henderson v. Bjork Monument Co. Inc. 222 Minn. 241, 24 N. W. (2d) 42; 14 Dunnell, Dig. (3 ed.) § 7128.

[11]Henderson v. Bjork Monument Co. Inc. 222 Minn. 241, 248, 24 N. W. (2d) 42, 46; In re Estate of Hore, 220 Minn. 374, 383, 19 N. W. (2d) 783, 787, 161 A. L. R. 1366, 1372; 14 Dunnell, Dig. (3 ed.) § 7128.

[12]Austin v. Rosecke, 240 Minn. 321, 61 N. W. (2d) 240; Manahan v. Jacobson, 226 Minn. 505, 33 N. W. (2d) 606; 14 Dunnell, Dig. (3 ed.) § 7130.

contrary to the regulations of the railway company. We find no abuse of discretion.

The order of the trial court is affirmed.

Affirmed.

