## MARY PERSON v. SEARS, ROEBUCK & COMPANY.

89 N. W. (2d) 694.

April 3, 1958—No. 37,182.

*Bowen & Bowen* and *Robert E. Bowen,* for appellant.

*Meagher, Geer, Markham & Anderson, David W. Nord, O. C. Adamson II,* and *Mary Jeanne Coyne,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order denying the motion of defendant, Sears, Roebuck and Company, for a new trial.

Plaintiff, in her complaint, alleged that on January 16, 1954, she was in defendant's store for the purpose of transacting business; that an agent and employee of defendant so carelessly operated a hand truck, which at the time was loaded with a refrigerator, as to cause the same to collide with plaintiff, throwing her violently to the floor; and that as a result plaintiff suffered certain injuries and permanent disabilities. Defendant in its answer admitted that the accident occurred as alleged in plaintiff's complaint but denied that her injuries were proximately caused by this negligence and also denied that plaintiff's injuries were of the nature and extent alleged. Following the trial, a verdict was returned for plaintiff.

On appeal it is contended by defendant that the trial court erred in instructing the jury as follows:

"* * * She would also be entitled to recover, that is, if you find that her earning capacity was affected or diminished in any sense through this accident or as a result of the accident. If you find from the evidence that the plaintiff did have earning capacity, she would be entitled to recover for loss or impairment of earning capacity from the time of the accident to the time of the trial, and also for future earning capacity as the same appears to a reasonable certainty. In determining such damages, that is, damages to her earning capacity, you may take into consideration her age, health and habits, together with the nature of the injury which she claims to have suffered, its severity, and the partial—or its permanency. All those matters you have a right to consider in connection with the question of whether her earning capacity was lessened, or is lessened, or will be lessened or diminished in the future. You may consider these factors together with all other facts or circumstances shown in the evidence."

In this connection defendant claims that the jury should not have been allowed to take into consideration a diminution of future earning capacity of plaintiff when there was no evidence in the record of the value of plaintiff's earning capacity. The only issue we deem it necessary to consider, therefore, is whether it was proper to submit for the jury's determination the loss of future earning capacity where there was no evidence in the record of the value of that person's earning capacity.

In LeMay v. Minneapolis St. Ry. Co. 245 Minn. 192, 71 N. W. (2d) 826, plaintiff was able to show a loss of earnings from the date of the accident, October 13, 1948, until January 1951. We said there that it was proper to show the wages she was reasonably certain to receive from the date of her injury until January 1951, at which time she was pregnant and would have discontinued work. In addition, we said there that the plaintiff could recover for loss of future earning capacity even though she was presently performing only household duties and did not intend to resume gainful employment, citing Rodgers v. Boynton, 315 Mass. 279, 52 N. E. (2d) 576, 151 A. L. R. 475, and Marshall v. Smith, 131 Cal. App. 258, 21 P. (2d) 117. It was held under the facts and circumstances of that case that the jury was entitled to determine the extent to which her earning capacity had diminished. However, in that case, the jury had before it evidence of the plaintiff's past earnings, which is missing here. As a result, the issue there concerned the loss of future earning capacity, due to the severity of her injury, in the light of past earnings. Thus, two elements were necessary in that case to submit the issue of loss of future earning capacity to the jury: (1) How much plaintiff could have earned if she had not been injured; and (2) the severity of her injury.

In the instant case, as in the LeMay case, the evidence would have been sufficient for the jury to determine the effect of the severity of the injury, but, unlike the LeMay case, the jury in this case could not reduce this to a value without speculation, since there is no evidence in the record as to what plaintiff would or could have earned.

According to Restatement, Torts, § 924, *comment d,* the extent of future harm to the earning capacity of an injured person is measured by the difference, viewed as of the time of trial, between the value of plaintiff's services as they will be because of the injury and as they would have been if no harm had occurred. This difference is the resultant derived from reducing to present value the anticipated losses of earnings during the period of the prospective life the plaintiff would have had but for the defendant's act. See, also, Hallada v. G. N. Ry. 244 Minn. 81, 69 N. W. (2d) 673. The trier of facts must ascertain, as nearly as can be done in advance, the difference between the yearly earnings which the plaintiff probably would or could have received

during his life expectancy if the injury had not occurred and the earnings which he probably will be able to receive during the period of life expectancy as now determined. Restatement, Torts, § 924, *comment d*.

There is evidence in the record before us that plaintiff, prior to the accident and for some time thereafter, operated a roominghouse, but the value of her services as a roominghouse operator is not to be found in the record. There is also evidence of plaintiff's ability to do general housework. However, there is no evidence to show the value of such general housework. The only thing remotely connected with this in the record is the testimony of plaintiff that at one time subsequent to her injury she hired a person to come in for one day for the purpose of cleaning walls and that the charge for this one day's work was $15. However, in our opinion, this would not be sufficient for the jury to base a finding on impairment of future earning capacity since there is nothing in the record tending to show that the value of plaintiff's ability to do general housework would be $15 a day. Therefore, we must conclude that it was error for the trial court to submit the issue of future earning capacity of plaintiff in this case, and a new trial should be granted.

Reversed and new trial granted.

MURPHY, JUSTICE (dissenting).

I respectfully dissent from the conclusions reached in the majority opinion. While the majority concedes that the record contains evidence of the plaintiff's ability to do general housework before the accident, it holds, nevertheless, that "there is no evidence to show the value of such general housework," and that it was therefore error for the trial court to instruct the jury that plaintiff was entitled to recover for loss or impairment of earning capacity.

From the evidence in this case the jury could have found that the permanency of the plaintiff's injury, which manifests itself in the pain she will have the rest of her life, not only impairs her earning capacity but deprives her of the ability to carry on the work she performed prior to the injury. I believe that the jury could have determined the value of the impairment of her earning capacity from the evidence before

it. Moreover, there was no other evidence which could have been presented to the jury which would have helped it in determining the value of the impairment of her earning capacity. To deprive the plaintiff of an instruction on impairment of her earning capacity in this situation is contrary to a basic policy objective of the law of damages; namely, that of making financially *whole* a person injured through the fault of another. Hallada v. G. N. Ry. 244 Minn. 81, 69 N. W. (2d) 673. There are two kinds of evidence which, it might be argued, would have aided the jury in determining the value of plaintiff's impairment of earning capacity.

(1) *Evidence of past wages.*

The majority distinguishes LeMay v. Minneapolis St. Ry. Co. 245 Minn. 192, 71 N. W. (2d) 826, by pointing out that "in that case, the jury had before it evidence of the plaintiff's past earnings, which is missing here. As a result, the issue there concerned the loss of future earning capacity, due to the severity of her injury, *in the light of past earnings.*" (Italics supplied.) In the LeMay case, the plaintiff had worked for a salary prior to the accident and submitted the amount of her salary as evidence of the impairment of her earning capacity. To require the plaintiff in this case to submit the kind of evidence offered in the LeMay case is to preclude her from recovering for the impairment of her earning capacity. Such evidence was impossible to obtain. This plaintiff could not say with definiteness what the value of her services were in dollars per day or week. At the time of her injury she maintained a home in which she rented three rooms. She did the general housework, including looking after the rooms, as well as certain repair work and tasks about the yard. It is unrealistic to assume that she would have maintained a system of accounts from which she could accurately separate, from the rent she received, the profits on the capital invested in the home and the money she received in payment of her services as a housewife.[1] Nevertheless, the jury could have found that she lost the

[1] Annotation, 122 A. L. R. 304, citing Fredhom v. Smith, 193 Minn. 569, 259 N. W. 80, states: " 'In an action to recover for personal injuries in measuring the loss of earning power of one engaged in business for himself, no evidence is admissible concerning the profits from capital

ability to do this work. By requiring the impossible, the majority prevents her from being compensated for what she lost.

(2) *Testimony on the value of her services.*

It might, however, be argued that the plaintiff or some other witness could have testified to some dollar figure of the value of her services prior to the injury. Such evidence might have the effect of misleading the jury rather than helping it. The damage sustained by the plaintiff was in an area in which the jury should be permitted to form a judgment based on their own common-sense and experience. The jury was as well able to determine the value of the housework done by the plaintiff as she was herself since she had been self-employed in her roominghouse for some time and had not worked for any wages on which she could base an estimate. Moreover, it is unrealistic to expect her counsel to call in an "expert" to testify as to the value of her services. Such testimony as to the "market value" of the work plaintiff claims to have had the capacity to do would be of doubtful value. The value of housekeeping services varies greatly depending on the character of the work to be done; the personality, reliability, and the ability of the employee; and the circumstances of the employer. I do not think plaintiff should be required to resort to such weak and doubtful contrivances of proof.

It is my view that the jury had before it sufficient proof, in fact, the best proof that could be expected, to fix damages as to "loss or impairment of earning capacity" so as to award a verdict for the plaintiff pursuant to the instructions of the court. Such a view does not conflict with our holding in Hallada v. G. N. Ry. 244 Minn. 81, 69 N. W. (2d) 673, which decision considers at length the elements of damage to be considered in reviewing the issue as to whether or not a verdict is excessive.[2] An injured person is entitled to compensatory damages if "he

invested in that business, or from the labor of others employed therein. But the nature and extent of the business in question may be considered, and the services of the plaintiff therein, in order to ascertain the value of such lost services, for the value of such personal services are properly considered in this connection.' *And the fact that the trial court instructed the jury on that phase using the expression 'loss of earnings' instead of 'loss of earning capacity' was considered not important."* (Italics supplied.)

[2]It does not appear to me that there is before the court the question of

establishes by proof the extent of such harm and the amount of money representing adequate compensation with such certainty as the nature of the tort and the circumstances permit." Restatement, Torts, § 912. In the comment on this statement it is pointed out that while it is desirable "that there should be definiteness of proof as to the amount of damage *as far as is reasonably possible,*" it is even more desirable "that an injured person shall not be deprived of substantial compensation merely because he cannot prove with complete certainty the extent of harm he has suffered." (Italics supplied.)

It should be acknowledged that requirements of proof of damages vary with the possibilities for making a reasonably exact estimate in terms of money. In cases where an employed person is injured, his past salary represents a measure by which impairment of his future earnings may be judged. Where, however, the law is concerned with a housekeeper, a retired person, or a minor, the mere fact that such person does not have a past earning record to serve as a guide in determining future impairment of his earning capacity should certainly not stand in the way of a recovery. In the latter instance, the jury should be permitted, upon evidence as to the plaintiff's age, life expectancy, occupation, health, habits, the kind of work performed before and after the injury, and the physical capacity of the plaintiff to perform his work before and after the time of injury, to determine the amount of damage sustained. Since the value of future earning capacity depends on probabilities and

error on the part of the trial court in failing to instruct the jury on reduction to present value of any recovery awarded to the plaintiff since it is not clear from the record that there was either a request for such an instruction or an exception for failure to give it; nor does it appear that there was an assignment of such error on that point in the motion for new trial. Nelson v. Twin City Motor Bus. Co. 239 Minn. 276, 58 N. W. (2d) 561; Caballero v. Litchfield Wood-working Co. Inc. 246 Minn. 124, 74 N. W. (2d) 404; Greenberg v. Holfeltz, 244 Minn. 175, 69 N. W. (2d) 369; Walker v. Stecher, 219 Minn. 152, 17 N. W. (2d) 317; Hedlund v. Minneapolis St. Ry. Co. 120 Minn. 319, 139 N. W. 603; James v. Chicago, St. P. M. & O. Ry. Co. 218 Minn. 333, 16 N. W (2d) 188; Garedpy v. Chicago, M. St. P. & P. R. Co. 176 Minn. 331, 223 N. W. 605; Chambers v. Chicago, B. & Q. R. Co. 138 Neb. 490, 293 N. W. 338; Greenway v. Taylor County, 144 Iowa 332, 122 N. W. 943.

cannot be arrived at with definiteness, "the courts should—and do—scan with much more charitable eyes the sufficiency of proof of this item of damage than in respect to damages for an actual past loss of time from work." McCormick, Damages, § 86, p. 309.

Proof of damages in negligence cases should not be limited by precise rules which have strict application in every case regardless of the circumstances of the plaintiff's occupation.

"* * * the law exacts only the kind of proof of which the fact to be proved is susceptible." 25 C. J. S., Damages, § 87, p. 623.[3] Courts should not require proof which it is impossible to obtain. Stenshoel v. G. N. Ry. Co. 142 Minn. 14, 170 N. W. 695, is cited as authority for the following statement from 25 C. J. S., Damages, § 86, p. 618:

"* * * Where plaintiff is engaged in such a business that there is no rule by which the value of the time lost from it may be well ascertained, the jury may in their discretion, from all of the facts before them, award an amount sufficient as reasonable compensation for the time lost, and a similar rule, it seems, will apply in a case where plaintiff loses time as a result of his injuries, but is unable to prove its value because he was not at the time of the injury engaged in any service or business."

See, also, Dahlberg v. Minneapolis St. Ry. Co. 32 Minn. 404, 21 N. W. 545; Carlson v. Naddy, 181 Minn. 180, 232 N. W. 3; Martin v. Tracy, 187 Minn. 529, 246 N. W. 6; Fredhom v. Smith, 193 Minn. 569, 259 N. W. 80. While in the cases just cited the precise issue with which we are concerned was not argued, they are, nevertheless, on their facts indicative of what I believe has been quite generally the accepted practice before our trial courts in permitting juries to determine damages for impairment of future earning capacity in cases where the circumstances of the plaintiff do not permit proof of actual earnings prior to the injury and evidence of value is not helpful. For the foregoing reasons, I respectfully dissent.

NELSON, JUSTICE (dissenting).

I concur in the dissent of Mr. Justice Murphy.

---

[3]"* * * An award for diminution of prospective earning capacity may be made, although there is no direct evidence as to the amount of loss." 25 C. J. S., Damages, § 87, p. 623.

DELL, CHIEF JUSTICE (dissenting).
I concur in the dissent of Mr. Justice Murphy.